1    **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY** ~~FILED~~

2    Name ___Radonich_____Donald_____Eugene_____

         (Last)              (First)              (Initial)                         AUG 2 7 2008

3    Prisoner Number ___P - 2 3 4 4 2____                         RICHARD W. WIEKING
                                                                  CLERK, U.S. DISTRICT COURT
4    Institutional Address ___P.O. Box 4000 - CSP-Solano___       NORTHERN DISTRICT OF CALIFORNIA

5    _____Vacaville, CA 95696-4000_____

6    ============================================================

7                          **UNITED STATES DISTRICT COURT**
                          **NORTHERN DISTRICT OF CALIFORNIA**

8    DONALD EUGENE RADONICH

9    (Enter the full name of plaintiff in this action.)     )
                                                            )    **CV 08** No. ___**4103**___
                          vs.                               )    Case No. _____
10                                                          )    (To be provided by the clerk of court)
     D.K. SISTO, Warden                                     )
11   _____                 )    **PETITION FOR A WRIT**
                                                            )    **OF HABEAS CORPUS**
12   _____                 )
                                                            )                         **(PR)**
13   _____                 )
                                                            )    **E-filing**
14   (Enter the full name of respondent(s) or jailor in this action)  )

15   _____

16   ============================================================

17                     <u>Read Comments Carefully Before Filling In</u>

18   <u>When and Where to File</u>

19        You should file in the Northern District if you were convicted and sentenced in one of these

20   counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

21   San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

22   this district if you are challenging the manner in which your sentence is being executed, such as loss of

23   good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

24        If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in

25   one of the above-named fifteen counties, your petition will likely be transferred to the United States

26   District Court for the district in which the state court that convicted and sentenced you is located. If

27   you are challenging the execution of your sentence and you are not in prison in one of these counties,

28   your petition will likely be transferred to the district court for the district that includes the institution

     where you are confined. Habeas L.R. 2254-3(b).                    _Original_

     PET. FOR WRIT OF HAB. CORPUS                - 1 -

1  Who to Name as Respondent

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11      1. What sentence are you challenging in this petition?

12          (a)   Name and location of court that imposed sentence (for example; Alameda

13              County Superior Court, Oakland):

14          Superior Court            County of Santa Cruz

15             Court                       Location

16          (b)   Case number, if known   S6-08436/S6-08490/S5-07090

17          (c)   Date and terms of sentence   6 yrs. on #/S6-08436; 14 yrs & 8 mons. on #S6-08490; 2 yrs & 4 mons. on #S5-07090

18          (d)   Are you now in custody serving this term? (Custody means being in jail, on

19              parole or probation, etc.)      Yes <u> X </u>    No _____

20              Where?

21              Name of Institution:   California State Prison-Solano

22              Address:   P.O. Box 4000 - Vacaville, CA 95696-4000

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  Assault with Firearm, Possession of Firearm, Enhancement

27  

28  

PET. FOR WRIT OF HAB. CORPUS    - 2 -

1    3.  Did you have any of the following?

2         Arraignment:                           Yes  X      No _____

3         Preliminary Hearing:                   Yes  X      No _____

4         Motion to Suppress:                    Yes  X      No _____

5    4.  How did you plead?

6         Guilty  X    Not Guilty _____   Nolo Contendere _____

7         Any other plea (specify) _____

8    5.  If you went to trial, what kind of trial did you have?

9         Jury _____    Judge alone _____   Judge alone on a transcript _____

10   6.  Did you testify at your trial?              Yes _____   No _____

11   7.  Did you have an attorney at the following proceedings:

12        (a)   Arraignment                     Yes  X      No _____

13        (b)   Preliminary hearing             Yes  X      No _____

14        (c)   Time of plea                    Yes  X      No _____

15        (d)   Trial                           Yes _____   No _____

16        (e)   Sentencing                      Yes  X      No _____

17        (f)   Appeal                          Yes  X      No _____

18        (g)   Other post-conviction proceeding  Yes _____   No  X

19   8.  Did you appeal your conviction?          Yes  X      No _____

20        (a)   If you did, to what court(s) did you appeal?

21              Court of Appeal              Yes ___ ___   No  X

22              Year: _____    Result: _____

23              Supreme Court of California   Yes _____   No  X

24              Year: _____    Result: _____

25              Any other court               Yes _____   No  X

26              Year: _____    Result: _____

27

28        (b)   If you appealed, were the grounds the same as those that you are raising in this

1      petition?       Yes _____   No_____ N/A

2     (c)   Was there an opinion?     Yes _____   No_____ N/A

3     (d)   Did you seek permission to file a late appeal under Rule 31(a)?

4                    Yes _____   No_____    N/A

5         If you did, give the name of the court and the result:

6                N/A

7

8 9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9 this conviction in any court, state or federal?      Yes _X_    No_____

10      [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11 challenged the same conviction you are challenging now and if that petition was denied or dismissed

12 with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13 for an order authorizing the district court to consider this petition. You may not file a second or

14 subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15 U.S.C. §§ 2244(b).]

16     (a)   If you sought relief in any proceeding other than an appeal, answer the following

17         questions for each proceeding. Attach extra paper if you need more space.

18       I.    Name of Court: Superior Court County of Santa Cruz

19          Type of Proceeding: Writ of Habeas Corpus

20          Grounds raised (Be brief but specific):

21          a. Same grounds that will be raised in this petition

22          b._____

23          c._____

24          d._____

25          Result: Writ Denied        Date of Result:_____

26       II.    Name of Court: Court of Appeal

27          Type of Proceeding: Habeas Corpus     1-20-07  1-25-08

28          Grounds raised (Be brief but specific):

a. __same grounds raised in this petition__

b. _____

c. _____

d. _____
                                      9-12-07
Result: __Writ Denied__          Date of Result: _____

III.  Name of Court: __State Supreme Court__

Type of Proceeding: __Habeas Corpus__

Grounds raised (Be brief but specific):

a. __same grounds raised in this petition__

b. _____

c. _____

d. _____
                                    11-14-07
Result: __Writ Denied__    Date of Result: 4-9-08
                                           3-21-08

IV.  Name of Court: _____ N/A _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):
              N/A
a. _____

b. _____

c. _____

d. _____

Result: _____ Date of Result: _____

(b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?

          Yes _____    No _X_

Name and location of court: _____ N/A _____

**B. GROUNDS FOR RELIEF**

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS       - 5 -

1   need more space. Answer the same questions for each claim.

2   [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3   petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4   499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

**CLAIM ONE:**   APPELLANT HAS BEEN DENIED DUE PROCESS AND EQUAL PROTECTION THROUGH THE

5   IMPOSITION OF AN ILLEGAL SENTENCE IN VIOLATION OF HIS 5TH, 6TH & 14TH AMENDMENTS AND

6   CALIFORNIA CONSTITUTION ARTICLE I, §§ 15, 16, & 24

7   Supporting Facts:   On or about April 8, 1996, through Court appointed

8   representation of D. August, from the  Santa Cruz Public Defender's

9   Office, Petitioner entered a joint suspended guilty plea to a

10                                                  (CONTINUE ON PAGE 7-9)

**CLAIM TWO:**   PETITIONER CONTENDS THAT HE HAS BEEN DENIED EFFECTIVE ASSISTANCE OF

11   COUNSEL THROUGH MISADVISEMENT OF THE LAW THROUGH PLEA BARGAINING AGREEMENT AND

12   IMPOSITION OF AN ILLEGAL SENTENCE IN VIOLATION OF HIS FIFTH, SIXTH AND FOURTEENTH
     AMENDMENT CONSTITUTIONAL RIGHTS SECURED TO HIM UNDER THE STATE AND FEDERAL CONSTITUTION

13   Supporting Facts:   On or about April 8, 1996, court appointed counsel

14   George Gigarjain from the Santa Cruz Public Defender's Office

15   addressed the Court and informed the Court of the following:

16                                                 (CONTINUE ON PAGE 10-24)

**CLAIM THREE:**   PETITIONER'S PLEA BARGAIN AGREEMENT IS BEING VIOLATED BY CALIFORNIA

17   DEPARTMENT OF CORRECTIONS & REHABILITATION AND THE SUPERIOR COURT FOR THE COUNTY

18   OF SOLANO IN VIOLATION OF PETITIONER'S LIBERTY INTEREST RIGHT SECURED TO HIM UNDER
                              THE STATE AND FEDERAL CONSTITUTION

19   Supporting Facts:_____

20          On or about April 8, 1996 Petitioner entered into a plea

21   bargain agreement with the Santa Cruz County Superior Court.  This

22                                                 (CONTINUE ON PAGE 25-26)

23   If any of these grounds was not previously presented to any other court, state briefly which

24   grounds were not presented and why:

25

26   All grounds has been exhausted through Superior Court and Highest

27   State Supreme Court.

28

violation of Penal Code 245(a)(2), receiving 4 years; Penal Code 12022.5(a)(1), receiving 10 years, and Penal Code 12021(a)(1), receiving 8 months. See Exhibit "A" hereto attached.

On or about August 26, 1999 Petitioner's joint suspended sentenced was violated and the Court imposed a one (1) year sentence for Penal Code 245(a)(2), assault with a firearm; one (1) year and four (4) months for 12022.5 and stayed Penal Code 12021(a)(1) for possession of a firearm. See Exhibit "B" hereto attached.

Petitioner contends that the Sentencing Court made a Judicial Error by imposing Penal Code 12022.5(a)(1) consecutive to Penal Code 245(a)(2) based upon the fact that Penal Code 12022.5(a)(1) is an element of Penal Code 245(a)(2).

Petitioner contends that his sentence was specifically by way of a plea bargain to a violation of Penal Code 245(a)(2) and 12022.5(a)(1) which states in pertinent part:

> P.C. 12022.5. Additional Punishment for Use of Firearm, Assault Weapon, or Machinegun.
>
> (a)(1) Except as provided in subdivisions (b) and (c), any person who personally uses a firearm in the commission or attempted commission of a felony shall, upon conviction of that felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of imprisonment in the state prison or 3, 4, or 10 years, <ins>unless use of a firearm is an element of the offense of which he or she was convicted.</ins>

Petitioner contends that the record is clear before the Court that the "<ins>use of the firearm in the present case was an element of the Assault</ins>" (P.C. 245)(a)(2).

Petitioner contends that when he filed his petition for writ of habeas corpus with the Superior Court for the County of Santa Cruz the Court erroneously denied the petition citing Penal Code 12022.5(d) as the supporting Penal Code authority to deny relief in violation of Petitioner's plea bargain agreement. While the Judge is right in citing Penal Code 12022.5(d) in another particular case the Court was wrong and off point from citing Penal Code 12022.5(d) in the present case because it is

7.

misapplied and an additional Penal Code citation that Petitioner did not enter a plea
to at the time of sentence or in the future in violation of his Due Process Rights.
Petitioner contends that Penal Code  12022.5(d) states in pertinent part:

> The additional term provided by this section may be imposed in cases of
> assault with a firearm under paragraph (2) of subdivision (a) of Section 245,
> or assault with or murder which is a firearm under Section 245, or murder if
> the killing was perpetrated by means of shooting a firearm from a motor vehicle,
> intentionally at another person outside of the vehicle with the intent to
> inflict great bodily injury or death.

Petitioner contends that it is clear that the Superior Court citing Penal Code
12022.5(d) doesn't apply to the present case because Penal Code  12022.5(d) excludes
the use of the weapon being an element of the assault.

Petitioner contends that the sentenced he received upon making the plea bargain
agreement is an unauthorized sentence and when a sentence is deemed to have been
pronounced in excess of the court's jurisdiction or in violation of law, it is
considered unauthorized.

Petitioner contends that the above described Judicial Error was not a discretion
of the Sentencing Court and an error of law in sentencing may be corrected at any time
if it does not involve the court's exercise of discretion and can thus be characterized
as involving a ministerial duty. **People v. Jack** (1989) 213 CAd 913, 917, 261 CR 860;

Petitioner contends that when a sentence is unauthorized by law, the court
may correct it even though it has been entered in the minutes, execution has commenced,
and the defendant has appealed. **People v. Chagolla** (1983) 144 CA3d 422, 434, 193 CR
711, 717 (court attached enhancement to wrong count; attached it to the correct count
after defendant filed notice of appeal).

Petitioner contends that the procedure the court follows to correct such a
judgment is to vacate it and resentence the defendant. This can be done by order **nunc
pro tunc** out of the defendant's presence in the same manner as a clerical correction.
See **People v. Grimble** (1981) 116 CA3d 678, 685, 172 CR 362, 366; **People v. Massengale**
(1970) 10 CA 3d 689, 89 CR 237.

Petitioner also contends that the Supreme Court had the power to change a sentence that is void for lack of jurisdiction. **In re May** (1976) 62 CA3d 165, 133 CR 33 (offense declared misdemeanor by legislature following defendant's plea to offense as felony, but while defendant still on probation; appellate court, considering appeal from probation revocation, declared conviction was for misdemeanor under its power to correct a judgment void for lack of jurisdiction).

For all of the foregoing reasons Petitioner request of the Federal Court to exercise its power and declare the Sentencing Court committed a Judicial Error by imposing Penal Code 12022.5(a)(1) consecutive to Penal Code 245(a)(2), and thereby dismiss Penal Code 12022.5(a)(1) via a **"nunc pro tunc"** ORDER.

/
/
/
/
/
/
/
/
/
/
/
/
/
/

9.

The Court:  All Right.  So let's talk about maximums; what are they?

Mr. Gigarjian:  Fourteen yeas, eight months.

The Court:  Fourteen years, eight months?

Mr. Gigarjian:  Two, three, or four on the 245; three, four or ten with the special allegation.  And he could get eight months consecutive on the 11378.

The Court:  Is that agreed?

Ms. Rizzieri: Yes.

The Court:  So that being the sack of sand hanging over your head, as 14 years eight months, Mr. Radonich, in other words, if - - although there is an agreement here as to how much actual time you will serve on probation, if the situation gets worse, you could go off and - -

How old are you now?

The Defendant:  Thirty.

The Court:  You could see forty-five sitting - - possibly end up sitting in state prison.  So that would pretty much interrupt the middle years of your life. So I want you to understand that is standing over your head, 14 years, eight months. **See Exhibit "C" hereto attached**  (pages 9 through 10). On said date Petitioner entered a joint suspended guilty plea to a violation of Penal Code  245(a)(2), based upon a Limitation of Plea Bargaining pursuant Penal Code  1192.7  due to the People having insufficient evidence to prove the people's case.  Petitioner received 4 years on said violation and received 10 years for a violation of Penal Code  12022.5(a)(1) and further received 8 months for a violation of Penal Code  12021(a)(1).  **See Exhibit "C"**

On or about August 26, 1999  through representation of D. August, a State Appointed Public Defender, Petitioner's joint suspended sentenced was violated and the Court imposed a one (1) year sentence for Penal Code  245(a)(2), assault  with a firearm; one (1) year and four (4) months for 12022.5 and stayed Penal Code 12021(a)(1) for possession of a firearm. **See Exhibit "D" hereto attached.**

Petitioner contends that he was denied Effective Assistance of Counsel on two different occasions from Plea Bargaining Counsel misadvising the Court as well as Petitioner of the law by declaring that Petitioner could receive 14 years and 8 months when the maximum sentence he could have received pursuant to **Cunningham v. California** (2007) __ U.S __, 2007 Daily Journal D.A.R. 1003; Daily Journal, January 23, 2007; 2007 WL 135687; 2007 US Lexis 1324 was three (3) years and eight (8) months due to the use of the gun being an element of the 245(a)(2) charged offense.

Petitioner also contends that he was denied Effective Assistance of Counsel during the Sentencing Phase before he was sentenced through Court Appointed Counsel D. August failing to inform Petitioner that the maximum sentence he pleaded guilty to on April 8, 1996 did not in fact carry a sentence of 14 yeas and 8 months due Limitation of Plea Bargaining pursuant to Penal Code 1192.7 and the use of the gun was an element of Penal Code 245(a)(2) and that the maximum Petitioner could have pleaded guilty to was three (3) years and eight (8) months.

Petitioner also contends that the Sentencing Court made a Judicial Error and abused its discretion from failing to sua sponte the illegal plea bargain and imposing Penal Code 12022.5(a)(1) consecutive to Penal Code 245(a)(2) based upon the fact that Penal Code 12022.5(a)(1) was an element of Penal Code 245(a)(2).

Petitioner contends that his sentence was specifically by way of a misadvised plea bargain by two Court Appointed Public Defender's to a violation of Penal Code 245(a)(2) and 12022.5(a)(1) which states in pertinent part:

P.C. 12022.5. Additional Punishment for Use of Firearm, Assault Weapon, or Machinegun.

(a)(1) Except as provided in subdivisions (b) and (c), any person who personally uses a firearm in the commission or attempted commission of a felony shall, upon conviction of that felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of imprisonment in the state prison for 3, 4 or 10 years, "unless use of a firearm is an element of the offense of which he or she was convicted."

Petitioner contends that the record is clear before the Court that the "use

11.

of the firearm in the present case was an element of the Assault" (P.C.  245)(a)(2).

Petitioner contends that Court Appointed Counsel, George Gigarjian, at the time of initiating the plea bargain and informing the Court that Petitioner could receive 14 years and 8 months and would be entering a plea to 14 years and 8 months was a misadvisement of the law and rendered to Petitioner Ineffective Assistance of Counsel during the plea bargaining stage. Petitioner contends that when he was actually sentenced on the illegal plea bargain, Court Appointed Counsel, D. August rendered to Petitioner further Ineffective Assistance of Counsel as Sentencing Counsel from failing to inform Petitioner that under the Penal Code Statute he could not receive 14 years and 8 months due to it being an illegal sentence and unauthorized.

Petitioner contends that the sentenced he received upon making the plea bargain agreement is an unauthorized sentence and when a sentence is deemed to have been pronounced in excess of the court's jurisdiction or in violation of law, it is considered unauthorized.

Petitioner contends that the above described Judicial Error was not a discretion of the Sentencing Court and an error of law in sentencing may be corrected at any time if it does not involve the court's exercise of discretion and can thus be characterized as involving a ministerial duty. **People v. Jack** (1989) 213 CAd 913, 917, 261 CR 860;

Petitioner contends that when a sentence is unauthorized by law, the court may correct it even though it has been entered in the minutes, execution has commenced, and the defendant has appealed. **People v. Chagolla** (1983) 144 CA3d 422, 434, 193 CR 711, 717 (court attached enhancement to wrong count; attached it to the correct count after defendant filed notice of appeal).

Petitioner contends that the procedure the court follows to correct such a judgment is to vacate it and re-sentence the defendant. This can be done by order nunc pro tunc out of the defendant's presence in the same manner as a clerical correction. **See People v. Grimble** (1981) 116 CA3d 678, 685, 172 CR 362, 366; **People**

**v. Massengale** (1970) 10 CA 3d 689, 89 CR 237.

Petitioner contends that based upon the following facts he was rendered ineffective assistance of counsel and suffers from illegal restraint under the Fifth, Sixth and Fourteenth Amendment to the United States Constitution, and Article I, Section 15 of the California Constitution, and Article I, Section 15 of the California Constitution. Plea Bargaining Counsel, George Gigarjian, and Sentencing Counsel, D. August failed to investigate and present Petitioner's defense adequately for the following reasons.

(1) Plea Bargaining Counsel failed to review the maximum plea bargain statute on Penal Code 245(a)(2) and Penal Code 1192.7 before advising the Court that Petitioner would be entering a plea to 14 years and 8 months. **See Exhibit "C".**

(2) Sentencing Counsel failed to review the Maximum Plea Bargaining Sentencing Law to determine that Petitioner could not be sentenced to 14 years and 8 months for a violation of Penal Code §245(a)(2) when the use of the gun was an element of the crime.

(3) Plea Bargaining Counsel and Sentencing Counsel failed to advise Petitioner that the maximum sentence he could receive via a plea bargain to a violation of Penal Code §245(a)(2) pursuant to Penal Code §1192.7 was three (3) years and eight (8) months.

In the case before the Court the record is clear that Plea Bargaining Counsel, George Gigarjian and Sentencing Counsel, D. August allowed Petitioner to enter an illegal plea to 14 years and 8 months to a violation of Penal Code §245(a)(2) from misadvising and from failing to advise that the maximum plea bargaining sentencing for a violation of Penal Code §245(a)(2) could only be for a maximum of three (3) years and eight (8) months total pursuant to **Cunningham v. California, supra**, thereby rendering Ineffective Assistance of Counsel during the peal bargaining and Sentencing Phase in violation of Petitioner's Fifth, Sixth and Fourteenth Amendment Constitutional rights secured to him under the State and Federal Constitution.

13.

Petitioner contends that the Sixth Amendment to the United States Constitution, made applicable to the states through the Due Process Clause of the Fourteenth Amendment, provides that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. The right to counsel is also protected by Article I, Section 15 of the California Constitution. **In re Marquez** (1992) 1 Cal. 4th 458, 602; **In re Fields** (1990) 51 Cal. 3d 1063, 1069. The Sixth Amendment guarantee of counsel is a fundamental right essential to a fair trial. **Gideon v. Wainwrigt**, 94 (1963) 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799. The constitutional right to counsel mandates that such assistance be effective. **People v. Pope**, (1979) 23 Cal. 3d 412, 421.

A defendant is entitled to "the kind of legal assistance to be expected of a reasonably competent attorney acting as a conscientious, diligent advocate." **People v. Pope, supra**, 23 Cal. 3d at 427; **In re Cordero**, 4 (1988) 46 Cal. 3d 161, 180. The denial of that right may be established by showing that trial counsel's representation fell below an objective standard of reasonableness and this deficient performance prejudiced the defense. **See Strickland v. Washington** (1984) 466 U.S. 86-6992, 104 S. Ct. 2052, 80 L. Ed. 2d 674; **In re Wilson**, 94 (1992) 3 Cal. 4th 945, 950; **In re Marquez, supra**., 1 Cal. 4th at 603; **People v. Ledesma**, (1987) 433 Cal. 3d 171, 215-218; **People v. Fosselman**, (1983) 33 Cal. 3d 572, 584.

Petitioner contends that the Sixth Amendment and Article I, Section 15, require trial counsel's diligent and active participation in the full and effective preparation of his client's case. Counsel's first duty is to investigate the facts of the case and to and to research

the law applicable to those facts. **People v. Ledesma, supra**, at 222. He must investigate carefully all defenses of fact and of law that may be available to the defendant. **People v. Pope, supra**, at 425. Counsel is expected to make rational and informed decisions on strategy and tactics founded on adequate investigation and preparation. "This means before counsel undertakes to act, or not to act, counsel must make a rational and informed decision on strategy and tactics founded upon adequate investigation and preparation." **In re Marquez, supra**, 1 Cal. 4th at 602; **In re Fields, supra**, 51 Cal. 3d at 1069. "If counsel failes to make such a decision, his action -- no matter how unobjectionable in the abstract -- is professionally deficient." **People v. Ledesma, supra**, 4 Cal. 3d at 215.

For example, as stated by the California Supreme Court in **In re Neely**, (1993) 6 Cal. 4th 901, 1 citing **People v. Shaw**, (1984) 5 Cal. 3d 535, 540; **In re Hall**, (1981) 30 Cal. 3d 408; **People v. Pope, supra**:

> In order to render reasonable competent assistance, <u>a criminal defense attorney should</u> investigate carefully the possible grounds for seeking the suppression of incriminating evidence, explore the factual basis for defenses that may be available to the defendant, and otherwise pursue diligently those leads indicating the existence of evidence favorable to the defense."

Petitioner contends that there is no legal distinction between inadequate preparation that results in a defendant being misadvised of the maximum sentencing

ranges by counsel on Limitation of Plea Bargaining from failing to properly reserach the Penal Code Statues or inadequate preparation that resulted in Petitioner pleading guilty to a maximum term of 14 years and 8 months on a case that did not carry 14 years and 8 months through the misadvisement of counsel to Petitioner.   See Exhibit "A".

Elaborating on counsel's failure to perform certain basic obligations which result in the withdrawal of a "crucial or potentially meritorious defense", the Pope Court observed that such a defense need not be one which would assure acquittal.   Counsel must, however, advocate the strongest potential defense, or deprive his client of effective assistance. (23 Cal. 3d at 425 n. 15.)

Petitioner contends that where counsel's failings do not actually result in the withdrawal of a defense, ineffectiveness may be proven by establishing that it is reasonably probable a determination more favorable to the Petitioner would have resulted in the absence of counsel's failings. People v. Phillips (1985) 41 Cal. 3d 29, 60: People v. Fosselman, supra, 33 Cal. 3d at 584; People v. Frierson, supra, at 160-161; People v. Horning (1984) 150 Cal. App. 3d 1015, 1022-23. See also, People v. Mozingo (1983) 34 Cal. 3d 926, 934; People v. Marquez, 188 Cal. App. 3d 363, 367. Counsel's errors must also be considered cumulatively. People v. Cox (1991) 5 Cal. 3d 618, 663. Finally, the burden of proof the defendant must meet to be entitled to relief on ineffective-assistance claim is preponderance of evidence. People v. Ledesma, supra, at 218; In re Imbler (1963) 60 Cal. 2d 554, 560.

In the present case, Mr. Gigarjian and Ms. August deficient performance in researching the Penal Code Statutes and the Limitation on Plea Bargaining and informing the Court that Petitioner would be entering a guilty plea to 14 years and 8 months was prejudicial and deprived petitioner of his due process rights under the Fifth and Fourteenth Amendment and to his Sixth Amendment

16.

right to effective assistance of adequate counsel.

### A. Trial Counsel Failed To Search The Law Regarding Plea Bargaining Limitation.

It is axiomatic that defense counsel's first duty it to investigate the facts of the case and research the law applicable to those facts. **People v. Ledesma, supra,** at 222. He is duty bond to investigate all defenses of fact and law available to the defendant. **People v. Pope, supra,** at 424-425. Here, it is apparent that Petitioner's counsel did neither. The prosecution agreed that Petitioner could receive 14 yeas and 8 months after Petitioner's counsel initiated the illegal plea bargain without researching the law. **See Exhibit "A" of the dialogue between Counsel, the Court and the prosecution.**

### B. Trial Counsel Failed to Adequately Conduct Basic Investigation.

Petitioner contends that counsel has a duty to conduct a reasonable investigation or to make an informed decision that makes particular investigation unnecessary. **Strickland,** 668 U.S. at 691. The Ninth Circuit had found ineffective assistance of counsel, when defense counsel failed to adequately prepare for trial through pre-trial investigation into possible leads that would have helped the defense. As the Court noted in **Tucker,** 716 F. 2d 580, 59:

> "Defense counsel should have discerned from both the indictment and the government documents made available to him that the jury's determination as to Tucker's guilt or innocence would depend in large part on the testimony and credibility of the government's witness.

> \* \* \*

> "Therefore, it was crucial for Tucker both to undermine the credibility of the chief government witnesses and to establish the plausibility of his own testimony........

> \* \* \*

> "Pretrial investigation and preparation are the keys to effective representation of counsel. **Rummell v. Estelle,** 590 F. 2d 103, 104 (5th Cir. 1979). Courts have repeatedly stressed the importance of adequate consultation between

attorney and client, the interviewing of important
witnesses, and adequate investigation of potential
defenses.  [Citation.]

* * *

"In this case, however, Keating failed to prepare his
client's defense competently under the most tolerant
standard of evaluation. **He failed to obtain legally
relevant facts from his client; he failed to pursue
obvious leads provided by his client, and failed com-
pletely to garner corroborating evidence for his client's
testimony. He failed to interview or attempt to inter-
view key witnesses, and his review of the trial exhibits
made available by the government was inadequate.** Under
these circumstances, it can hardly be claimed that his
preparation of Tucker's defense was adequate." [Emphasis
added.]

Even a display of utmost skill during the trial is insufficient
if counsel failed to conduct necessary investigation and preparation of the
case. (**Tucker**, 716 F. 2d at 594.) Similarly, a counsel's failure to investigate
mitigating factors when presented with aggravating evidence by the prosecution
constitutes deficient performance. (**Evans v. Lewis** (9th Cir. 1988) 855 F.
2d 631, 637; **Deuthscher v. Whitley** (9th Cir. 1991) 946 F. 2d 1443, 1446.
In the present case Mr. Gigarjian apparently discussed the aggravating terms
of the plea bargain agreement with the District Attorney, Ms. Rizzieri, from
the District Attorney agreeing with the terms of the illegal plea bargain
without acknowledging the Limitation of Plea Bargaining pursuant to Penal
Code §1192.7.

Petitioner contends that counsel has a duty to conduct reasonable
research of the Penal Code Laws or to make a reasonable decision that makes
particular research and investigation unnecessary. (**Strickland**, 466 U.S.
at 691.) In **Kimmelman**, counsel failed to request discovery into evidence
presented by the prosecution and thus failed to discover that some evidence
had been illegally seized by the government. Counsel's failure to request
discovery, "was not based on 'strategy,' but on counsel's mistake beliefs

18.

that the State was obliged to take the initiative and turn over all of its inculpatory evidence to the defense." (**Kimmelman**, 365 U.S. at 385.) The **Kimmelman** Court then found counsel's actions contrary to prevailing professional norms. (_Id_.) In the present case Penal Code §1192.7(a)(b) - Limitation of Plea Bargain states in pertinent part:

> 1192.7(a). Plea bargaining in any case in which the indictment or information charges any serious felony, any felony in which it is alleged that a firearm was personally used by the defendant, or any offense of driving while under the influence of alcohol, drugs, narcotics, or any other intoxicating substance, or any combination thereof, is prohibited, unless there is insufficient evidence to prove the people's case, or testimony of a material witness cannot be obtained, or a reduction or dismissal would not result in a substantial change in sentence.

> 1192.7(b). As used in this section, "plea bargaining" means any bargaining, negotiation, or discussion between a criminal defendant or his or her counsel, and a prosecuting attorney or judge, whereby whereby the defendant agrees to plead guilty or nolo contendere, in exchange for any promises, communications, concessions, assurances, or considerations by the prosecuting attorney or judge relating to any charge against the defendant or to the sentencing of the defendant.

Petitioner contends that the Trial Court and the Prosecution allowed Petitioner to plead guilty to an unauthorized charge of Penal Code §1192.7 when a firearm was used in the commission of Penal Code §245(a)(2), thereby making it obvious that the people could not prove their case and Mr. Gigarjian was obligated to investigate this fact and reveal to Petitioner the weakness of the People's case before negotiating with the Judge and Prosecutor to an illegal deal when Petitioner had a chance of going to trial and receiving at the maximum of three (3) years and eight (8) months. Counsel failed to discover and identify the insufficient evidence prohibited the prosecution from proving their case and offering a plea bargain to Petitioner under Penal Code §1192.7. See **Murray v. Carrier**, 477 U.S. 478, 496 (1986) (dictum)("[T]he right to effective assistance of counsel .... may in a particular case be

violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial."). See **Baker v. Barbo**, 177 F. 3d 149, 154 (3rd Cir. 1999) counsel's ignorance of sentencing law during plea negotiations was objectively unreasonable; See **Hill v. Lockhart**, 474 U.S. 52, 59 (1985); see, e.g., **U.S. v. Hansel**, 70 F. 3d 6, 8 (2d Cir. 1995) guilty plea advice was ineffective assistance because counsel failed to inform defendant that charges against him were time barred and defendant would not have pleaded guilty but for counsel's error); **U.S. v. Granados**, 168 F. 3d 34, 346 (8th Cir. 1999) (counsel's ignorance of Sentencing Guidelines in guilty plea context was ineffective assistance because counsel's error resulted in 40-50 additional months in defendant's sentence); **Risher v. U.S.**, 992 F. 2d 982, 983-84 (9th Cir. 1993) (guilty plea advice will be ineffective assistance if court finds on remand that counsel failed to warn defendant he might be sentenced under Sentencing Guidelines and that defendant would have rejected plea bargain but for counsel's error); **Beavers v. Saffle**, 216 F. 3d 918, 925 (10th Cir. 1993) (counsel's incorrect advice on parole eligibility in connection with plea agreement required an evidentiary hearing on ineffective assistance claim because but for counsel's errors, defendant likely would have insisted on going to trial); **Esslinger v. Davis**, 44 F. 3d 1515, 1529-30 (11th Cir. 1995) (guilty plea advice was ineffective assistance because counsel recommended guilty plea subject to enhanced penalty under habitual offender statute without adequately investigating defendant's prior criminal history); **U.S. v. McCoy**, 215 F. 3d 102, 108 (D.C. Cir. 2000) (counsel's failure to correctly apply sentencing guidelines was ineffective assistance of counsel when she erroneously advised defendant that if he accepted the plea he faced 188 to 255 months in prison, when in fact he faced 266 to 3278 months in prison under the plea).

Petitioner contends, but for Mr. Gigarjian, plea bargaining counsel's

ignorance of limitation of plea bargaining, incorrect plea bargain advice, failing to inform Petitioner that he could not be sentenced to ten (10) years for the firearm due to it being an element of Penal Code 245(a)(2) he would not have entered a guilty plea and proceeded to trial, thereby, rendering ineffective assistance of counsel during the negotiated plea bargaining stage.

Petitioner contends that ineffective assistance of counsel can be broken down into pretrial, trial and post-trial and sentencing, as well as plea bargaining negotiating as follows.

A.    Counsel rendered ineffective assistance of counsel by, among other things, counsel's constitutionally deficient research and investigation from failing to educate himself about the Sentencing Laws deprived Petitioner of effective assistance during plea bargain negotiation before announcing to the Court that Petitioner was ready to enter a plea.

B.    Counsel could not have effectively announced readiness for negotiating a plea bargain because he had not educated himself regarding limitation of plea bargaining and the sentencing laws, had not sufficiently researched and investigated what insufficient evidence the prosecution had that could not prove the people's case.

C.    Counsel was not in a position to provide effective assistance of counsel and render any type of meaningful tactical decision to negotiate a beneficial plea bargain for Petitioner because he had not conducted complete discovery, and had not sufficiently researched, investigated, or prepared the case for a limited plea bargain.

D.    Counsel's announcing readiness for plea bargaining demonstrated (1) ineffective assistance of counsel (2) lack of knowledge regarding Sentencing Laws based upon insufficient investigation, preparation and research; (3)

**21.**

bad tactics, or (4) no tactics at all.

Petitioner contends that this type of practice by trial counsel's failure to educate himself regarding limited plea bargaining on a case that only carried three (3) years and eight (8) months opposed to the fourteen (14) years and eight (8) months placed Counsel in a position that he could not make a meaningful decision to negotiate a plea bargain deal for Petitioner's benefit. In the absence of effective research, investigation and preparation, counsel rendered significant plea bargain negotiation choices in a vacuum. Whether this choice was made because trial counsel was ignorant of Limitation of Plea Bargaining, or was unaware that the firearm was an element of the assault and could not be used as a ten (10) year enhancement via a plea bargain agreement when the people had insufficient evidence to prove their case, the result is the same. Petitioner was deprived of the effective assistance of counsel.

### D.  Petitioner Was Prejudiced by the Ineffectiveness of His Counsel.

The second prong of Strickland, requires that counsel's deficient performance prejudiced the defense. (Strickland, 466 U.S. at 687.) "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A reasonable probability is probability sufficient to undermine confidence in the outcome." (Strickland, 466 U.S. at 694; United States v. Birtle (9th Cir. 1986) 792 F. 2d 846, 349.) "If no single error or omission of counsel standing alone, significantly impairs the defense, the district court may nonetheless find unfairness -- and thus prejudice -- emanating from the totality of counsel's errors and omissions." (United States v. Altamirano (9th Cir. 1980) 663 F. 2d 147, 152, 153 (defendant did not suffer prejudice despite inappropriate behavior by one of his counsel which invited scathing criticism

by appellate court), citing, **Ewing v. Williams** (9th Cir. 1979) 596 F. 2d 391, 396.)

In the present case, as noted above, trial counsel failed to inform Petitioner that he could not receive the maximum of ten (10) years for the firearm because it was an element of the crime and a violation of **Cunningham v. California, supra.**, failed to inform Petitioner that the method counsel arranged with the Court and the prosecution to have Petitioner to enter a guilty plea to fourteen (14) years and eight (8) months was a violation of the Sentencing Guidelines and disadvantaged Petitioner, failed to inform Petitioner that the people had insufficient evidence to prove their case and that Petitioner had a chance of receiving a maximum of three (3) years and eight (8) months by exercising his Fifth Amendment Constitutional right to a trial by jury and was thereby prejudiced when counsel announced that Petitioner was ready to enter a guilty plea to fourteen (14) years and eight (8) months.

Petitioner was also prejudiced by Counsel announcing readiness to enter a guilty plea and allowed all of the above mentioned constitutional violations and errors to transpire before the Court without first ascertaining all the relevant facts and evidence available to the defense. (**In re Resendiz,** 25 Cal. 4th at 239, 246 ("counsel ... had a general duty to conduct a reasonable investigation of the case enabling counsel to make informed decisions about how best to represent the client"); **People v. Ledesma, supra,** 43 Cal. 3d at 215.

Petitioner contends that trial counsel's error's and omissions denied Petitioner his constitutional right to due process, a fair trial and effective assistance of counsel (U.S. CONST., 5TH, 6TH & 14TH AMENDS.; CAL. CONST., ART. I, §§ 15 & 24). Trial counsel entirely failed to subject the prosecution's case to meaningful adversarial testing. (**United States v. Cronic** (1984) 466

U.S. 684, 659-60, 662 n. 31, 104 S. Ct. at 2047, 2048 n. 31) when he failed to conduct an adequate research and investigate the sentencing laws and guidelines regarding limited plea bargaining, failed to inform Petitioner that the prosecution and the Court could not apply Penal Code §12022.5(a)(1) to Petitioner's sentence due to the firearm being an element of the crime, nor could the Court use Petitioner's prior conviction under Health & Safety Code §11378 to enhance Penal Code §245(a)(2) from three (3) years to ten (10) years or the firearm under an unrelated Health & Safety Code violation that was not apart of the plea bargain agreement in violation of **Cunningham v. California, supra**. In summary, because Mr. Gigarjian and Ms. August did not thoroughly prepare the case for a beneficial sentencing plea bargain Petitioner's right to effective assistance of counsel, as defined in **Strickland v. Washington, supra**, (1984) 466 U.S. 668, [80 L. Ed. 2d 674, 104 S. Ct. 2052]) and guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, as well as article I, sections 15 and 24 of the California Constitution, was violated by Mr. Gigarjian and Ms. August errors and omissions in the preparation and presentation of the case before the Court for negotiating a beneficial plea bargain under Limitation of Plea Bargain pursuant to Penal Code §1192.7(a) and Petitioner was prejudiced thereby and has met the two prong test which substantiates ineffective assistance of counsel. **Strickland v. Washington, supra**.

/

/

/

/

/

/

24.

plea agreement was to Penal Code Sections 245(a)(2), 12021()(2) and a §12022.5(a) pursuant to Penal Code §1192.7(c)(8) - Serious Felony. See Exhibit "E" and "F".

Petitioner contends that the plea agreement was understood by the Santa Cruz County Superior Court Judge R. Yonts, Assistant District Attorney B. Rizzier, Public Defender George Gigarjian, Petitioner and the Attorney General. **See Page 5 of Exhibit "C" hereto attached, line 17 through page 6, Line 6, in conjunction with Exhibit "D", page 1, Line 27 through page 2, Line 5, and also Exhibit "C" and "F".** Petitioner contends that this plea agreement was entered into by Petitioner with complete understanding that it would **AVOID** a 667.5(c)(8) conviction, **UNLESS** Petitioner chose to go to trial. Petitioner contends that nowhere within the Court records has he ever been charged or found guilty under Penal Code §667.5(c). Petitioner has **NEVER** been charged, plead or proved under Penal Code §667.5(c).

Petitioner contends that on or about July 1, 1999 he filed a 1381 Notice and Demand for Trial with the Santa Cruz Superior Court. **See Exhibit "G" hereto attached.** On or about August 5, 1999 the Court Ordered for production of the prisoner. **See Exhibit "H" hereto attached.** On or about August 26, 1999 Petitioner's probation was revoked and he was sentenced to said plea agreement. **See Exhibit "I" hereto attached.** Petitioner contends that Penal Code §245(a)(2) was enhanced by Penal Code§12022.5(a)(1) personal use of a firearm, and Penal Code §12021(a)(1) pursuant to Penal Code 1192.7 (c)(8), causing the above offenses to become a serious felony. **See Exhibit's** HERETO ATTACHED IN SUPPORT OF THE CONTENTIONS.

**WHEREFORE,** Petitioner contends that the California Department of Corrections and Rehabilitation and the Solona County Superior Court have subjected Petitioner to a lenghtier and harsher punishment than what was prescribed by the Sentencing Court which has caused an illegal imposed Penal Code §667.5(c)(8) and the wrongful imposition of Penal Code §2933.1.

For all of the above stated reasons of law Petitioner request;

1.  **An Order** directing the California Department of Corrections to honor the terms of his plea bargain agreement, or in the alternative allow Petitioner to withdraw his plea bargain and proceed to trial by jury.

2.  Grant to Petitioner a new trial or in the alternative a dismissal of the violation of Penal Code §12022.5(a)(1) based upon the totality of the errors and omissions which deprived Petitioner of due process, effective assistance of counsel and/or a fair plea bargain agreement and his plea bargain must be rescinded and the sentence reversed in the interest of justice.

I swear under the penalty of perjury that all of the information in this petition for federal writ of habeas corpus are true, correct and complete and to those matters stated on information and belief, I believe them to be true.

DATED: ~~July~~ August 22 , 2008

Respectfully, submitted,

Donald E. Radonich,
Petitioner In Pro Se/

26.

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4

5                          (SEE CASES CITED WITHIN ARGUMENT)

6

7    Do you have an attorney for this petition?                    Yes_____    No X_____

8    If you do, give the name and address of your attorney:
         Petitioner request the appointment of counsel
9

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on _August 22_, 2008                    _Don Radonich_

14                    Date                          Donald E. Radonich,
                                                    Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27                                    **27.**

28

PET. FOR WRIT OF HAB. CORPUS

E X H I B I T    " A "



FILED
CLERK OF COURT
SUPERIOR / MUNICIPAL
95 MAR 22 PM 1:15

1  ARTHUR DANNER III, DISTRICT ATTORNEY
   COUNTY GOVERNMENT CENTER
2  701 OCEAN STREET, ROOM 200
   SANTA CRUZ, CALIFORNIA 95060
3  TELEPHONE: (408) 454-2400

4  ATTORNEYS FOR THE PEOPLE

5

6

7

8            MUNICIPAL COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ

                     SANTA CRUZ JUDICIAL DISTRICT
9

10  THE PEOPLE OF THE STATE OF CALIFORNIA,  )
                                            )
11                           Plaintiff,     )  Case No. 56 -08436
                      vs.                   )
12                                          )  COMPLAINT -- CRIMINAL
    DONALD EUGENE RADONICH                  )
13                                          )
                                            )  Date:    03/25/96
14                                          )  Time:    08:15 A.M.
                                            )  Dept:
15                         Defendant(s),    )  Event:   ARRC

16       Arthur Danner III, District Attorney of the County of Santa

17  Cruz, State of California, accuses DONALD EUGENE RADONICH of the

18  following crime(s) committed in the County of Santa Cruz, State

19  of California:

20  COUNT 01 A Violation of section 245(A)(2) of the Penal Code of

21  the State of California, a felony committed on or about March 19,

22  1996 in that at said time and place the above named defendant(s)

23  did willfully and unlawfully commit an assault on Larinda Norman

24  with a firearm.  It is further alleged that, pursuant to Penal

25  Code section 1203.095, there is a presumptive minimal jail time

26  required if you are convicted of this charge.

27                          SPECIAL ALLEGATION

28       It is further alleged that in the commission and attempted

1 commission of the above offense(s), the said defendant(s) per-
2 sonally used a firearm(s), to wit: 9 mm Glock handgun, within the
3 meaning of Penal Code section 1203.06(a)(1) and 12022.5(a) also
4 causing the above offense to become a serious felony pursuant to
5 Penal Code section 1192.7(c)(8).

6 COUNT 02 A Violation of section 245(A)(2) of the Penal Code of
7 the State of California, a felony committed on or about March 19,
8 1996 in that at said time and place the above named defendant(s)
9 did willfully and unlawfully commit an assault on Richard Thomas
10 with a firearm. It is further alleged that, pursuant to Penal
11 Code section 1203.095, there is a presumptive minimal jail time
12 required if you are convicted of this charge.

13                      SPECIAL ALLEGATION

14    It is further alleged that in the commission and attempted
15 commission of the above offense(s), the said defendant(s) per-
16 sonally used a firearm(s), to wit: 9 mm Glock handgun, within the
17 meaning of Penal Code section 1203.06(a)(1) and 12022.5(a) also
18 causing the above offense to become a serious felony pursuant to
19 Penal Code section 1192.7(c)(8).

20 COUNT 03 A Violation of section 12021(A)(1) of the Penal Code of
21 the State of California, a felony committed on or about March 19,
22 1996 in that at said time and place the above named defendant(s)
23 did willfully and unlawfully own, possess and have custody and
24 control of a firearm, to wit, 9 mm Glock handgun, the said
25 defendant(s) having theretofore been duly and legally convicted
26 of a felony or felonies, to wit:

27 1. On or about October 13, 1987, in the Superior Court of the
28 State of California, for the County of Santa Cruz, said defendant

1  .was convicted of the crime of Possession of Stolen Property, in

2  violation of section 496(a) of the Penal Code of the State of

3  California, a felony.

4      Therefore, complainant declares under penalty of perjury that

5  the foregoing is true and correct.

6  Executed on March 22, 1996 at Santa Cruz, California.

7

8                                 ARTHUR DANNER III
9                                 DISTRICT ATTORNEY
10

11                                BARBARA A. RIZZIERI
                                  ASSISTANT DISTRICT ATTORNEY
12  SCSO
    KC
13

14

15

16

17

18

19

20

21

22                                I hereby certify the foregoing
                                  instrument is a correct copy of
                                  the original on file in this office.
23                                DATE
24                                ALEX CALVO, CLERK
                                  By_____Deputy
25

26

27

28

SUPERIOR COURT OF CALIFORNIA
County of Santa Cruz

People of the State of California
                        vs.                          Case No. S6-08436
DONALD EUGENE RADONICH

                                            MINUTE ORDER

=======================================================================
 Dept.5  08/26/99  8:15 am PROBATION VIOLATION (Set)
=======================================================================
Charges:
1) F245(A)(2) PC-F C, 2) F245(A)(2) PC-F D, 3) 12021(A)(1) PC-F C

-----------------------------------------------------------------------
Honorable Robert B. Atack presiding.
Clerk: Parmenter.
Court Reporter: Gallagher.
Deputy District Attorney: B. Rizzieri
- - - - - - - - - - - - - - - - - - - - - - - - - - -
Defendant is present
with Public Defender D. August.
Defendant admits probation violation. Right to hearing waived.
Probation is reinstated.
Defendant waives arraignment for pronouncement of judgment.
-
JUDGMENT:
Probation is terminated effective 08/26/99. Defendant is
sentenced to the California Department of Corrections as
follows:
AS TO CT. 1: the Court imposes one-third the middle term of 3
years for a total of 1 years and 0 months.
Ct. 1 is declared the principal term.
AS TO CT. 3: the Court imposes one-third the middle term of 2
years for a total of 0 years and 8 months.                          ,
Prison term on Ct(s) 3 is stayed pursuant to 654 PC.
As to allegation PF-12022.5(a)PC  in Ct. 1, the Court imposes
one-third the middle term of 4 years for a total of 1 years and
4 months.
Time imposed on enhancement allegation PF-12022.5(a)PC  in Ct 1
is ordered to run consecutive with time imposed in Ct. 1.
Defendant is sentenced to State Prison for a TOTAL TERM of 2
years 4 months.
Prison sentence in this case is ordered to run consecutive to
sentence in case SC100954A, Marin County.
Defendant's credit for time served is 115 days local time plus
56 days per 4019(b) PC for a total of 171 days.
Previously stayed Restitution Fine per 1202.4 PC in the amount

---

Case Number : S6-08436        People vs. DONALD RADONICH
================================================================================

of $ $200.00 shall be paid to the Restitution Fund through CDC
as they shall direct.
Pursuant to 1202.45 PC, a Restitution Fine in the amount of
$200.00 is ordered and suspended unless defendant's parole is
revoked.
Defendant is ordered to serve a period of parole and is further
ordered to report to the parole unit closest to his/her last
legal residence within 48 hours of release, excluding weekends
and holidays.
Public Defender is relieved.
-
CUSTODY STATUS:
Defendant remanded to the custody of the Sheriff to be delivered
to the Department of Corrections.
Defendant is to be delivered to CDC at SANQUENTIN.
-
=========== MINUTE ORDER END/ tjs =============

I hereby certify the foregoing
instrument is a correct copy of
the original on file in this office.
DATE
ALEX CALVO CLERK
By_____Deputy

**E X H I B I T  " B "**

**SUPERIOR COURT OF CALIFORNIA**
County of Santa Cruz

Case No. 36-18436

People v. Donald Eugene Radonich    **PRISON WORKSHEET**    Date 9-26-99

Judge Ayson    Clerk Parmeter    Reporter Gallagher

DDA Rittin    Prob. Officer Bell    Interpreter _____

☐ Def. Present with August K    ☐ Arraigned for pronouncement of judgment    ☒ Waives arr. for pronouncement of judgment
Defendant is resentenced per ☐ decision on appeal ☐ recall of commitment per 1170(d) PC
☐ The Court has and considered the probation report. Probation is ☐ denied ☒ terminated. Def. Sentenced to CDC.
The Court finds factors in ☐ mitigation ☐ aggravation    ☐ Def. committed to CYA. Maximum term is _____
☐ Execution of sentence below is suspended and Probation is granted. (See Probation Order for terms and conditions.)
☐ Def. sentenced to confinement in County Jail for _____ days as to Ct. _____ ☐ concur. with ☐ consec. to prison sentence below.

**COUNTS:**

Ct. 1    245 (a)(2) PC : ☐ 1st Degree ☐ 2nd Degree ☒ Principal term

☐ LOW ☐ MID ☐ UPPER TERM _____ yrs _____ mos ☐ 1/3 term of 3 yrs for 1 yrs Ø mos

PER 667(b)-(i) PC: (Strike case)    ☐ double ☐ triple base term of _____ yrs _____ mos for _____ yrs _____ mos

☐ double ☐ triple 1/3 Mid term of _____ yrs ( _____ yrs _____ mos) for _____ yrs _____ mos

☐ Concur. with Ct. _____ ☐ Consec. to Ct. _____    Stayed ☐ per 1170.1g PC ☐ per 654 PC

Ct. 3    12021(a)(1) PC : ☐ 1st Degree ☐ 2nd Degree ☐ Principal term

☐ LOW ☐ MID ☐ UPPER TERM _____ yrs _____ mos ☐ 1/3 MID term of 2 yrs for 2 yrs 8 mos

PER 667(b)-(i) PC:    ☐ double ☐ triple base term of _____ yrs _____ mos for _____ yrs _____ mos

☐ double ☐ triple 1/3 Mid term of _____ yrs ( _____ yrs _____ mos) for _____ yrs _____ mos

☐ Concur. with Ct. _____ ☐ Consec. to Ct. _____    Stayed ☐ per 1170.1g PC ☒ per 654 PC

Ct. _____ _____ : ☐ 1st Degree ☐ 2nd Degree ☐ Principal term

☐ LOW ☐ MID ☐ UPPER TERM _____ yrs _____ mos ☐ 1/3 MID term of _____ yrs for _____ yrs _____ mos

PER 667(b)-(i) PC:    ☐ double ☐ triple base term of _____ yrs _____ mos for _____ yrs _____ mos

☐ double ☐ triple 1/3 Mid term of _____ yrs ( _____ yrs _____ mos) for _____ yrs _____ mos

☐ Concur. with Ct. _____ ☐ Consec. to Ct. _____    Stayed ☐ per 1170.1g PC ☐ per 654 PC

**ALLEGATIONS**

Ct. 1    12022.5(a)(1) PC _____ term ☐ _____ yrs _____ mos ☐ 1/3 Mid term of 4 yrs for 2 yrs 4 mos

☐ Concur. with Ct. _____ ☐ Consec. to Ct. _____    ☐ Stayed    ☐ Stricken

Ct. _____ _____ : ☐ _____ term ☐ _____ yrs _____ mos ☐ 1/3 Mid term of _____ yrs for _____ yrs _____ mos

☐ Concur. with Ct. _____ ☐ Consec. to Ct. _____    ☐ Stayed    ☐ Stricken

**PRIOR FELONY ALLEGATIONS**

No. _____ _____ : _____ yrs ☐ Concur. w/ Ct. _____ ☐ Consec. to Ct. _____ ☐ Stayed ☐ Stricken

No. _____ _____ : _____ yrs ☐ Concur. w/ Ct. _____ ☐ Consec. to Ct. _____ ☐ Stayed ☐ Stricken

☐ Additional counts / allegations/ priors on attachment page

Case No. _____ deemed principal case. This case ☐ concur. with Case No. _____ ☐ consec. to Case No. _____

**STATE PRISON TOTAL TERM IMPOSED:** 2 yrs. 4 mos.    (San Mateo)

This case ☐ concur with ☒ consec to prior uncompleted sentence in Case No. _____ from Marin County

**CREDIT TIME SERVED:** Actual time 115 D 4019(b) PC credit 56 D Program credit _____ D **TOTAL DAYS** 171

# ABSTRACT OF JUDGMENT - PRISON COMMITMENT

FORM DSL 2

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ
BRANCH SANTA CRUZ

COURT I.D. 4 4 4 6 0

CASE NUMBER (S)

PEOPLE OF THE STATE OF CALIFORNIA versus

DEFENDANT: DONALD EUGENE RADONICH

AKA:

☒ PRESENT    ☐ NOT PRESENT

S6-08436  -A
-B
-C

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

AMENDED
ABSTRACT ☐

-D
-E

| DATE OF HEARING | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 8/26/99 | 5 | Robert B. Atack | M. Parmenter |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| D. Gallgher | B. Rizzieri | Public Defender | |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY / MISDEMEANORS):

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | CONVICTED BY | | | | | | | | | | PRINCIPAL/CONSECUTIV TIME IMPOSED YEARS MONT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 245(a)(2) p | ASSAULT WITH FIREARM | 96 | 4 | 8 | 96 | X | | | X | | | | | | 1 | 0 |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS:

| Count | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | ... | Total |
|---|---|---|---|---|---|---|
| 1 | PC 12022.5 | 1 year 4 months | (1/3 mid term of 4 years) | | | 1  4 |

4. INCOMPLETED SENTENCE(S) CONSECUTIVE:

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| MARIN | SC100954 | 472 |

5. OTHER ORDERS SEE MINUTE ORDER FOR RESTITUTION FINE AND FEES.
DEFENDANT ADVISED OF APPEAL RIGHTS.

8. TOTAL TERM IMPOSED: 2  4

9. EXECUTION OF SENTENCE IMPOSED: C. ☒ AFTER REVOCATION OF PROBATION

| 10. DATE OF SENTENCE PRONOUNCED 8/29/99 | CREDIT FOR TIME SPENT IN CUSTODY 171 | TOTAL DAYS INCLUDING: | ACTUAL LOCAL TIME 115 | LOCAL CONDUCT CREDITS 56 | STATE INSTITUTIONS |

**E X H I B I T    " C "**

Superior Court of the State of California

for the County of Santa Cruz

Department No. 2                    Hon. Robert B. Yonts, Judge


The People of the State of California,)
                                      )
                         Plaintiff,)
                                      )
        vs.                           ) Nos. S6-08490
                                      )       S6-08436
Donald Eugene Radonich,               )       S5-07090
                                      )
                         Defendant.)
_____)

Santa Cruz, California                          April 8, 1996

### Reporter's Transcript

Appearances:

For the People:   Office of the District Attorney
                  By:  Barbara Rizzieri, Deputy
                  By:  Marcia Jue Pelio, Deputy
                  701 Ocean Street
                  Room 250
                  Santa Cruz, California 95060

For Defendant:    Office of the Public Defender
                  By:  George Gigarjian, Deputy
                  2103 North Pacific Avenue
                  Santa Cruz, California 95060

Also Present:     Dennis Mc Dowell
                  Probation Officer

Carole Lee Sanders, CSR #5936, Official Reporter

```
 1   Santa Cruz, California; Monday, April 8, 1996; 10:20 A.M.
 2   Department No. 2              Hon. Robert B. Yonts, Judge
 3   Appearances:
 4        The Defendant with his counsel, George
 5        Gigarjian, Deputy Public Defender of Santa Cruz
 6        County; Barbara Rizzieri and Marcia Jue Pelio,
 7        Deputy District Attorneys of Santa Cruz County,
 8        representing the People of the State of California;
 9        Dennis Mc Dowell, Probation Officer.
10        (Carole Lee Sanders, Official Reporter.)
11
12        The Court:  Ms. Rizzieri, we can call Mr. Radonich.
13        Mr. Radonich is present here represented by Mr.
14   Gigarjian.  And let me pull the file.
15        Ms. Rizzieri:  If I may outline the disposition on
16   my two matters.
17        The Court:  Just a moment, please.
18        Ms. Rizzieri:  Yes.
19        The Court:  I want to acknowledge to his parents
20   that I received the note from you with regard to your concern
21   for your son.  And I acknowledge the note and have read it.
22        Mr. Gigarjian:  I don't think counsel saw that, but
23   I am not sure.  I didn't see it either.
24        Ms. Rizzieri:  No.
25        The Clerk:  He needs to be fingerprinted on the new
26   charge.
```

1            Mr. Gigarjian:  We refuse --

2            Can I look at it while you are looking at it?

3            Ms. Rizzieri:  Uh-huh.

4            (Discussion off the record.)

5            Mr. Gigarjian:  Your Honor, just so you know, Mr.

6    Radonich is not standing up because he is being

7    disrespectful.  He has a hernia.  And he has been told not to

8    stand up.  And actually, I didn't tell counsel this.  But I

9    don't know if they are listening --

10            Barbara, Mr. Radonich has a hernia.

11            And I haven't gotten the medical records.  But he

12    has been told that he needs an operation.  And at some point,

13    I would probably come before the Court and let counsel know

14    and ask the Court for a couple days pass, or however long it

15    takes to have the operation, if it is borne out that the

16    medical people are saying it is necessary, just so you know

17    that.

18            The Court:  Okay.

19            Ms. Rizzieri:  I don't know if the Court wants to

20    arraign him first on the new matter.

21            The Court:  Yes.  So on line 9 --

22            Ms. Rizzieri:  Case S6-08490.

23            The Court:  Let me get -- All right.  So then we

24    are on S6-08490.

25            Is there a fingerprint card -- Oh, it hasn't been

26    done.

1          So your true name is Donald Eugene Radonich?

2          The Defendant:  Yes, sir.

3          The Court:  Was there a Jr. there?

4          The Defendant:  Yes.

5          The Court:  Also Jr. will be noted in the record.

6          So on this new complaint, there is just one felony

7     charge; that is, you possessed for the purpose of sale a

8     controlled substance, methamphetamine.  So that is the

9     charge.

10          Did you get a copy of the complaint, Mr.

11    Gigarjian?

12          Mr. Gigarjian:  I think it is en route.  Thank

13    you.

14          The Court:  Do you waive detailed reading of the

15    complaint?

16          Mr. Gigarjian:  Yes, and waive formal arraignment.

17    And actually part of the plea disposition Mr. Radonich is

18    going to end up pleading guilty to is that --

19          Ms. Rizzieri:  If I may outline his disposition at

20    least for my two cases, in Case S6-08436, Mr. Radonich will

21    be pleading guilty to Count I, 245(A)(2), and the special

22    allegation, and also Count III, the 12021(A), that he would

23    receive no jail time on this case.  But the term of 1203.097

24    would be placed as a term of condition of his probation.

25          The Court:  Say that again?

26          Ms. Rizzieri:  1203.097 would be a term and

1  condition of his probation on this matter.

2  · The Court:  That is the counseling and the payment

3  for the counseling?

4  Ms. Rizzieri:  That's correct.

5  The Court:  Okay.

6  Ms. Rizzieri:  $200 domestic violence fund, $100 to

7  the local shelter, also ask for an abstain from alcohol and

8  any illegal substances.

9  Also on Case S5-07090, Mr. Radonich will be

10  admitting the probation violation.  And he would be sentenced

11  to the remaining time, which is 327 days on that case.  And

12  with that sentence, this probation will be terminated.

13  The Clerk:  On the first case, he is going to admit

14  12022.5; is that what you are talking about?

15  Mr. Gigarjian:  I actually -- I didn't realize that

16  you were asking for that.

17  The Clerk:  There are two of those as to Count I

18  and Count II.

19  Mr. Gigarjian:  I thought you were going to dismiss

20  those as part of the -- It still is a strike as long as it is

21  charged, is my understanding, under 667.5.

22  Ms. Rizzieri:  I don't know the answer to this

23  question.  Maybe if I could have a moment while Ms. Jue Pelio

24  is outlining the other disposition.

25  Mr. Gigarjian:  The other part of the disposition

26  is pretty simple.  Mr. Radonich would plead guilty to the

1    11378, and get 90 days consecutive to the other time.

2            Ms. Jue Pelio:  He would also be placed on three

3    years formal probation with standard drug conviction terms

4    and conditions.

5            The Court:  All right.  That will be including the

6    $1,000 or $200.

7            The Clerk:  There is no $1,000 on the 11378.  There

8    is a lab fee.

9            Ms. Jue Pelio:  Lab fee and the $200 restitution

10   filing fee.

11           The Court:  Okay.

12           (Discussion off the record.)

13           Mr. Gigarjian:  May I just explain to him that?

14           I didn't realize it was part of the disposition.

15           The Court:  Certainly.

16           (Discussion off the record.)

17           Mr. Gigarjian:  I believe we still have a

18   disposition where Mr. Radonich will admit the 12022.5.

19           Ms. Rizzieri:  That is a special allegation, your

20   Honor, under Count I.

21           The Court:  Help me a little bit here.  I don't see

22   it in the --

23           Ms. Rizzieri:  Right on the bottom, very bottom

24   line on the first page.  The first page says "Special

25   Allegation" second to the last name, and continued on the

26   next page.

1          The Court:  Oh, 12022.5(A), so that it is only a

2  special allegation.

3          Ms. Rizzieri:  Yes, with the plea to Count I and

4  special allegation on Count I.  With the plea to Count III,

5  People would be dismissing Count II and the special

6  allegation on Count II.

7          The Court:  Okay. We will work through it here.

8  And I would ask counsel to speak up.

9          Is that the disposition?

10         Mr. Gigarjian:  Was I mumbling?

11         The Court:  Yes.

12         Was that the disposition?

13         Mr. Gigarjian:  Yes, your Honor, I believe that is

14  the disposition.

15         The Court:  All right. So Mr. Radonich, do you

16  understand the disposition of these three matters that has

17  been reached?

18         The Defendant:  Yes, I do.

19         Ms. Rizzieri:  Also, your Honor, on this case we

20  would like to get a presentence report. We have already

21  talked to Mr. Mc Dowell, and so the Court knows that he won't

22  be sentenced today, but put off until a later date.

23         The Court:  Isn't there an agreement as to what he

24  can --

25         Ms. Rizzieri:  There is. But because it is a

26  domestic violence case, and because of Mr. Radonich's

1    history, Probation and Ms. Jue Pelio and myself would like to
2    see exactly what we are dealing with here. He has a long
3    history. And now drugs have been introduced into this action
4    also.

5           The Court: All right. That is fine. So today
6    then I am only taking the plea.

7           Ms. Rizzieri: That's correct.

8           The Court: Okay. Mr. Radonich --

9           Mr. Gigarjian: I was just going to say, and Mr.
10   Radonich, just for the record, knows that the plea of guilty
11   to the 245 with the special allegation could be used against
12   him as a strike in the future.

13          Right?

14          The Defendant: Yes.

15          The Court: All right. So let's go through all
16   this.

17          Mr. Radonich, there are three cases that are here.
18   Two are new cases, and one is a probation violation.

19          So you would be in the matter I arraign you on
20   today, that is the 11378 charge, you would be entitled to a
21   preliminary exam and jury trial on that, as well as the
22   No. 10 on the calendar, you are entitled to a preliminary
23   exam and the jury trial. And you are also on No. 11 on the
24   calendar entitled, the probation violation.

25          So those, I will call those the hearings. There
26   would be five of them if they were all done separately.

1          Do you understand what all those are?

2          The Defendant:  Yes, sir.

3          The Court:  Do you waive your rights to those
4     hearings?

5          The Defendant:  Yes, sir.

6          The Court:  Now at those hearings, if they
7     occurred, you would be entitled to have counsel; do you
8     understand your right to counsel?

9          The Defendant:  Yes, sir.

10         The Court:  Do you waive your right to counsel at
11    those hearings?

12         The Defendant:  Yes.

13         The Court:  You would also be entitled to confront
14    and cross examine any witnesses that the prosecution
15    presented against you at those hearings; do you understand
16    your right to confront and cross examine?

17         The Defendant:  Yes, I do.

18         The Court:  Do you waive that right?

19         The Defendant:  Yes, sir.

20         The Court:  You also have the right, on the other
21    side of the coin, at those hearings to present favorable
22    evidence by subpoenaing witnesses and having the power of the
23    Court to assist you in subpoenaing witnesses to testify on
24    your behalf or present evidence favorable to you; do you
25    understand your right to subpoena witnesses on your own
26    behalf?

1     The Defendant:  Yes, sir.

2     The Court:  Do you waive that right?

3     The Defendant:  Yes, sir.

4     The Court:  You also, by admitting the probation

5 violation and pleaing here today, you are in effect waiving

6 your right against self-incrimination; do you understand your

7 right against self-incrimination?

8     The Defendant:  Yes, sir, I do.

9     The Court:  Do you waive that right in these

10 proceedings?

11     The Defendant:  Yes.

12     The Court:  All right.  So let's talk about

13 maximums; what are they?

14     Mr. Gigarjian:  Fourteen years, eight months.

15     The Court:  Fourteen years, eight months?

16     Mr. Gigarjian:  Two, three, or four on the 245;

17 three, four or ten with the special allegation.  And he could

18 get eight months consecutive on the 11378.

19     The Court:  Is that agreed?

20     Ms. Rizzieri:  Yes.

21     The Court:  So that being the sack of sand hanging

22 over your head, as 14 years, eight months, Mr. Radonich, in

23 other words, if -- although there is an agreement here as to

24 how much actual time you will serve on probation, if the

25 situation gets worse, you could go off and --

26     How old are you now?

1          The Defendant:  Thirty.

2          The Court:  You could see forty-five sitting --

3    possibly end up sitting in state prison.  So that would

4    pretty much interrupt the middle years of your life.  So I

5    want you to understand that that is standing over your head,

6    14 years, eight months.

7          Once you are released from state prison, if you end

8    up there, you will be placed on parol for up to four years

9    for each violation of parol.  You could get placed back in

10   state prison for one year for each violation.

11         Under the situation you are facing today, you would

12   pay a restitution fee of $200, lab fee.  You would pay a $200

13   counseling fee under section 1203.097 of the Penal Code.  You

14   would pay $100 to the local shelter.  And I believe I have

15   covered all the consequences.  Are there any others?

16         Ms. Rizzieri:  Also advise him if he is not a

17   citizen.

18         The Court:  Oh, yes.  I am concerned --

19         Mr. Gigarjian:  Back on the consequences, it is my

20   understanding it is part of those counseling fees, terms, et

21   cetera, that Mr. Radonich, which I think he knows, would have

22   to do the year long batterer's treatment program, which I

23   don't know if you expressly said.

24         The Court:  I did not expressly say that.

25         But you will have to go through that program.  And

26   we will discuss it in more detail at the sentencing.

```
 1              Also if you are not a citizen of this country, you
 2   may be deported as a result of these convictions, you may be
 3   denied the right to reenter, or you may lose your
 4   naturalization rights.
 5              You appear to be a citizen to me, as far as I
 6   know.  But the law makes me utter those words in the event
 7   you aren't.
 8              Are you presently taking any medications or drugs
 9   of any sort?
10              The Defendant:  Yes.
11              The Court:  What are you taking?
12              . The Defendant:  They got me taking a few
13   antibiotics, and some Motrin and stuff.
14              The Court:  For your pain?
15              The Defendant:  Yeah.
16              The Court:  Do those medications interfere with
17   your judgment or clear thinking today, do they interfere with
18   what you are deciding to do?
19              The Defendant:  No, sir.
20              Ms. Jue Pelio:  Your Honor, he also needs to be
21   advised for his plea to the drug charge that he would be
22   subject to registration as a drug offender, testing and
23   search and seizure.
24              The Court:  That's correct.
25              You will be required to register as a drug
26   offender.  You will be subject to search and seizure, meaning
```

 1   that a police officer or your probation officer at any time

 2   of the day or night could search your person, your house,

 3   car, anything within your dominion or control with or without

 4   a warrant. I think I said day or night. And you would

 5   finally be prohibited from using drugs and alcohol during the

 6   term of your probation.

 7                 So I think that sums up the consequences.

 8                 Is there a factual basis for these charges?

 9                 Do you want to start at the top on the 11378?

10                 Ms. Jue Pelio: Yes. People stipulate that on

11   March 21st of this year, the defendant was in possession of a

12   controlled substance, methamphetamine, for the purpose of

13   sale.

14                 The Court: All right. And then with regard to the

15   245?

16                 Ms. Rizzieri: Yes, that on March 19th Mr. Radonich

17   assaulted Lorinda Norman with a firearm. And he was

18   personally using that firearm. It is a nine-millimeter,

19   Glock handgun.

20                 And for Count III, still again possessed that

21   handgun, and that he has been previously convicted on

22   October 13th, 1987 in superior court in the State of

23   California, County of Santa Cruz, of a felony, 496(A) of the

24   Penal Code.

25                 The Court: All right. And then the probation

26   violation would be the above?

 1                   Probation Officer:  Yes.

 2              Ms. Rizzieri:  That's correct.

 3              The Court:  So the -- And counsel, do you concur in

 4    the pleas under the new crimes, the two new cases, and the

 5    admission of the probation violation?

 6              Mr. Gigarjian:  Yes.

 7              The Court:  All right.  The Court finds that you

 8    have made a knowing and intelligent --

 9              Ms. Rizzieri:  He hasn't pled yet.

10              The Court:  I am not there yet.

11              Ms. Rizzieri:  Okay.  I am sorry.  I am getting

12    ahead of myself.

13              The Court:  The Court finds that you have made a

14    knowing and voluntary and intelligent waiver of your

15    constitutional rights first, that you understand the

16    consequences, and that there is a factual basis for each

17    thing you are doing here, so that there is support and facts

18    for these admissions.

19              So with regard to No. 9, that is S6-08490, what is

20    your plea to the first count, that is, 11378 of the Health

21    and Safety Code?

22              Mr. Gigarjian:  Possession for sale.

23              The Defendant:  No contest.

24              The Court:  All right.  And then I should remind

25    you or note for you that as far as I am concerned, and as far

26    as the law is concerned, a no contest is the same as a guilty

1  plea.

2           The Defendant: Yes, sir.

3           The Court: But we need to advise you of that.

4           Now with regard to No. 10 here on the calendar,

5  S6-08436, with regard to Count I, that is assault on Lorinda

6  Norman with a firearm, what is your plea to Count I,

7  245(A)(2)?

8           The Defendant: Guilty.

9           The Court: All right. The guilty plea is noted.

10          And do you admit the special allegation that during

11 the commission, you had a nine-millimeter Glock handgun

12 within the meaning of 12022.5(A)?

13          The Defendant: I don't understand.

14          Mr. Gigarjian: That means, do you admit that?

15          (Discussion off the record.)

16          Ms. Rizzieri: I believe it is personal use, your

17 Honor.

18          (Discussion off the record.)

19          Mr. Gigarjian: I think we are ready to proceed if

20 the Court is.

21          The Defendant: Yes, I admit.

22          The Court: So you know that that amounts to a

23 strike, as far as the three strikes law goes, correct?

24          The Defendant: Yes.

25          The Court: Then there is a count -- I will just

26 take them in order.

1           You are going to dismiss Count II?

2           Ms. Rizzieri:  That's correct.

3           The Court:  So Count II is dismissed.

4           Then there is a Count III here.  And that is that

5      you committed -- What is your plea to Count III, which is

6      that you are a felon in possession of a handgun?

7           (Discussion off the record.)

8           The Defendant:  No contest.

9           The Court:  All right.  So the no contest, the

10     comments I made earlier about that being the same as the

11     guilty plea will stand.

12          And there is -- is the 1203.097, a special

13     allegation, or just within the meaning of that --

14          Ms. Rizzieri:  Just probation terms and conditions,

15     your Honor.

16          The Court:  All right.  Then with regard to the

17     probation violation, do you admit the probation violation?

18          Mr. Gigarjian:  Pretty much the fact that he did

19     that with his pleas, but if you want to have him say it out

20     loud --

21          The Defendant:  Yes, I do.

22          The Court:  Okay.  Mr. Radonich, as I understand

23     it, before sentencing the Court will refer this matter for a

24     workup by the probation department.  And the disposition has

25     been placed on the record.  Possibly the -- This plea has

26     been conditioned on these terms.

1            All I understand the probation report to be for is

2  to more fully investigate?

3            Probation Officer:  Correct, give background.  We

4  have a juvenile file here, plus we have some serious

5  allegations.  I would suspect that in the future, the Court

6  may need or, you know, would want to have that information

7  available to have a complete understanding of Mr. Radonich

8  and his behavior and history.

9            Ms. Rizzieri:  Mr. Radonich was just here on the

10  8th of January on a 273.5 case that was dismissed for a

11  different plea.

12            And it is something that has been happening with

13  Mr. Radonich's life within the last year, year and a half, so

14  says the victim.

15            Within the last six months, he appears to have many

16  violent offenses on his record.  And we need to find out what

17  is going on with him.

18            Mr. Gigarjian:  In addition to that, just as sort

19  of an editorial note, I have been noticing a lot lately when

20  there are plea agreements in this case, that Melanie is

21  pretty good about writing them down.

22            But for some reason on the presentence reports,

23  under the section where it says plea agreement, it routinely

24  says none.  And then, you know, we have to sort of rehash the

25  whole thing when we come back to court.

26            So I just thought -- not that it is Probation's

1  fault or anyone's fault, I just thought I would note that

2  while it comes to mind, because in this case there is already

3  a disposition.

4          I am sure you wrote it down.

5          Probation Officer:  Both me and Melanie.

6          Mr. Gigarjian:  And I am sure you are great at it,

7  too.  I have just personally been noticing that that has come

8  up a fair amount.

9          Ms. Jue Pelio:  Your Honor, just one more concern

10  of the People, I don't know what the status is of Mr.

11  Radonich being held in custody on his domestic violence

12  cases.  But in the drug case, he has a $10,000 bail.

13          And I should have mentioned this earlier, but

14  should he somehow be released on the case from custody, and

15  he does not return to court as for his next court date, or

16  violates any other laws while he is out of custody, this deal

17  regarding this particular case would be off.

18          Mr. Gigarjian:  That is fine.  He has a $50,000

19  bail on the other case.  I don't think he is going anywhere.

20          Ms. Rizzieri:  That would be the same for my cases,

21  also, your Honor.

22          The Court:  All right.  So if you do bail out or

23  even while you are in jail, you could get an offense, too, it

24  is very important for you for this agreement that you obey

25  all laws.  I would hope that it wouldn't be just until

26  sentencing, but from now on in your life to obey all laws.

1    Sometimes you think you can't obey, you are not

2 going to always be handed the meter maid if you don't drop

3 the quarter in, but all laws that count, obey.

4    And then, you know, the laws are just society

5 trying to order itself and allow people to live in peace and

6 live productive lives.

7    They are not -- Sometimes I think that people think

8 that laws are set up for other purposes. But they are really

9 just part of an orderly society so we can all have the most

10 from society.

11    So put this matter over until when?

12    Probation Officer:  May 6th.

13    The Court:  May 6th for sentencing.  That would be

14 Monday, May 6th, at 8:15.

15    So I will see you then, Mr. Radonich.

16    Ms. Rizzieri:  Also your Honor, there was on

17 Lorinda Norman, I asked that a warrant be stayed or body

18 attachment be stayed.  She has come into our office.  So I

19 ask that that be lifted and vacated.

20    The Clerk:  That was to S6-08436?

21    Ms. Rizzieri:  That's correct.

22    The Court:  All right.  She has made contact with

23 your office.  So that will be vacated.

24    Thank you.  Thank you folks for coming in.

25    (Concluded at 10:45 a.m.)

26

E X H I B I T    " D "

SUPERIOR COURT OF CALIFORNIA
County of Santa Cruz

People of the State of California
                    vs.                        Case No. S6-08436
DONALD EUGENE RADONICH
                                               MINUTE ORDER

========================================================================
 Dept.5   08/26/99   8:15 am PROBATION VIOLATION (Set)
========================================================================
Charges:
1) F245(A)(2) PC-F C, 2) F245(A)(2) PC-F D, 3) 12021(A)(1) PC-F C

----------------------------------------------------------------------
Honorable Robert B. Atack presiding.
Clerk: Parmenter.
Court Reporter: Gallagher.
Deputy District Attorney: B. Rizzieri
- - - - - - - - - - - - - - - - - - - - - - - - - - - -
Defendant is present
with Public Defender D. August.
Defendant admits probation violation. Right to hearing waived.
Probation is reinstated.
Defendant waives arraignment for pronouncement of judgment.
-
JUDGMENT:
Probation is terminated effective 08/26/99. Defendant is
sentenced to the California Department of Corrections as
follows:
AS TO CT. 1: the Court imposes one-third the middle term of 3
years for a total of 1 years and 0 months.
Ct. 1 is declared the principal term.
AS TO CT. 3: the Court imposes one-third the middle term of 2
years for a total of 0 years and 8 months.
Prison term on Ct(s) 3 is stayed pursuant to 654 PC.
As to allegation PF-12022.5(a)PC  in Ct. 1, the Court imposes
one-third the middle term of 4 years for a total of 1 years and
4 months.
Time imposed on enhancement allegation PF-12022.5(a)PC  in Ct 1
is ordered to run consecutive with time imposed in Ct. 1.
Defendant is sentenced to State Prison for a TOTAL TERM of 2
years 4 months.
Prison sentence in this case is ordered to run consecutive to
sentence in case SC100954A, Marin County.
Defendant's credit for time served is 115 days local time plus
56 days per 4019(b) PC for a total of 171 days.
Previously stayed Restitution Fine per 1202.4 PC in the amount

--------------------------------------------------------------------------------

Case Number : S6-08436        People vs. DONALD RADONICH
================================================================================

    of $ $200.00 shall be paid to the Restitution Fund through CDC
    as they shall direct.
    Pursuant to 1202.45 PC, a Restitution Fine in the amount of
    $200.00 is ordered and suspended unless defendant's parole is
    revoked.
    Defendant is ordered to serve a period of parole and is further
    ordered to report to the parole unit closest to his/her last
    legal residence within 48 hours of release, excluding weekends
    and holidays.
    Public Defender is relieved.
    -
    CUSTODY STATUS:
    Defendant remanded to the custody of the Sheriff to be delivered
    to the Department of Corrections.
    Defendant is to be delivered to CDC at SANQUENTIN.
    -
    =========== MINUTE ORDER END/ tjs =============

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT, DIVISION THREE

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA,** | |
| Plaintiff and Respondent, | A085623 |
| v. | |
| **DONALD EUGENE RADONICH,** | |
| Defendant and Appellant. | |

Marin County Superior Court No. SC100954
The Honorable Stephen Graham, Judge

## **RESPONDENT'S BRIEF**

BILL LOCKYER
Attorney General

DAVID P. DRULINER
Chief Assistant Attorney General

RONALD A. BASS
Senior Assistant Attorney General

JOAN KILLEEN
Supervising Deputy Attorney General

MOONA NANDI
Deputy Attorney General
State Bar No. 168263

   455 Golden Gate Ave., Ste. 11000
   San Francisco, CA 94102
   Telephone: (415) 703-5962
   Fax: (415) 703-1234

Attorneys for Respondent

### Table of Authorities, cont'd

Health and Safety Code
 § 11378    1, 16, 23
 § 11370.2    18
 § 11370.2(b)    1, 16, 23
 § 11383    23
 § 11383(c)(1)    1

Penal Code
 § 190.2    21
 § 496    1
 § 969b    22
 § 1025    19, 20, 22, 24
 § 1025(b)    20
 § 1025(c)    20, 23, 24
 § 1025(d)    21
 § 1158    20
 § 1170.12    1, 16, 27
 § 1170.12(b)(1)    27
 § 1192.7    27
 § 1192.7(c)(8)    27
 § 1192.7(c)(23)    27
 § 1203(e)(4)    1
 § 1385    18
 § 12022.5    26
 § 12022.5(a)    26
 § 12022.5(a)(1)    27

### Other Authorities

1 Witkin, Cal. Evidence (3d ed. 1986) Circumstantial Evidence,
 § 309(3), p. 279    11

Senate Bill 1146 (1997-1998 Reg. Sess.)
 Assembly Committee on Public Safety Analysis of bill as amended
 June 19, 1997    21

## III.

## THE EVIDENCE IS SUFFICIENT TO SUPPORT THE TRUE FINDING ON THE STRIKE ALLEGATION

Appellant's final contention is that there was insufficient evidence to support the trial court's finding that his prior conviction for assault with a firearm constituted a serious felony. (AOB 19-24.) We disagree. We note that appellate counsel did not have a correct copy of the exhibits at the time she submitted her opening brief, and specifically did not have the April 8, 1996 minute order reflecting appellant's guilty plea in case number S6-08436. (People's Exh. 26.)

In determining the truth of a prior conviction allegation, the trier of fact may look to the entire record of conviction (*People* v. *Guerrero* (1988) 44 Cal.3d 343, 345, 355), including the accusatory pleading and a minute order reflecting the defendant's plea (*People* v. *Harrell* (1989) 207 Cal.App.3d 1439, 1143-1444). Among the documents the prosecutor presented to support the strike allegation were: (1) a complaint charging appellant with two counts of assault with a firearm under Penal Code section 245, subdivision (a)(2) (counts one and two) and one count of being a felon in possession of a firearm under Penal Code section 12021, subdivision (a)(1) (count three), and alleging as to counts one and two that appellant had personally used the firearm within the meaning of Penal Code section 12022.5, subdivision (a), and (2) a minute order dated April 8, 1996 reflecting that appellant pleaded guilty to counts one and three and admitted the section 12022.5 allegation as to count one, that the court dismissed count two on the motion of the prosecutor, and that the court advised appellant that his plea would result in a strike. (People's Exh. 26.)

A conviction for an offense defined as a "serious" felony under Penal Code section 1192.7, subdivision (c) qualifies as a "strike" for purposes of the Three Strikes Law. (Pen. Code, § 1170.12, subd. (b)(1).) Penal Code section 1192.7 includes in its list of serious felonies any felony in which the defendant personally uses a firearm (Pen. Code, § 1192.7, subd. (c)(8)) and any felony in which the defendant personally used a dangerous or deadly weapon (Pen. Code, § 1192.7, subd. (c)(23)). Penal Code section 12022.5, subdivision (a)(1) provides a 3-, 4-, or 10-year sentence enhancement for any person who personally uses a firearm in the commission of a felony.

Because the evidence showed that appellant was charged with assault with a firearm, a felony, and alleged to have personally used a firearm in the commission of that offense and further showed that he pleaded guilty to that charge and admitted the personal use allegation and moreover, was advised that his plea would result in a strike, the trial court's finding that appellant had suffered a prior strike conviction under Penal Code section 1170.12 was supported by substantial evidence.

27

## CONCLUSION

Accordingly, respondent respectfully asks that the judgment be affirmed.

Dated: October 15, 1999.

Respectfully submitted,

BILL LOCKYER
Attorney General

DAVID P. DRULINER
Chief Assistant Attorney General

RONALD A. BASS
Senior Assistant Attorney General

JOAN KILLEEN
Supervising Deputy Attorney General

MOONA NANDI
Deputy Attorney General

Attorneys for Respondent

MN:ng
SF1999DA0481

28

## DECLARATION OF SERVICE

Case Name:  People v. Donald Eugene Radonich                    No.:  A085623

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the Bar of this Court at which member's direction this service is made. I am 18 years of age or older and not a party to the within entitled cause; I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>October 18, 1999</u>, I placed the attached

RESPONDENT'S BRIEF

in the internal mail collection system at the Office of the Attorney General, 455 Golden Gate Avenue, Suite 11000, San Francisco, California 94102, for deposit in the United States Postal Service that same day in the ordinary course of business, in a sealed envelope, postage thereon fully prepaid, addressed as follows:

Sandra Uribe, Esq. (2 copies)                     Clerk of the Superior Court
Law Offices of Sandra Uribe                       Marin County
11664 National Blvd., PMB #400                    Criminal Division
Los Angeles, CA  90064                            3501 Civic Center Drive, Room 151
                                                  San Rafael, CA  94913

Honorable Paula Kamena                            First District Appellate Project
District Attorney                                 730 Harrison Street, Suite 201
Marin County                                      San Francisco, CA  94107
3501 Civic Center, Room 183
San Rafael, CA  94903


I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 18, 1999, at San Francisco, California.


<u>NELLY GUERRERO</u>                              _____
                                                  Signature

**E X H I B I T   " E "**

Superior Court of the State of California

for the County of Santa Cruz

Department No. 2                    Hon. Robert B. Yonts, Judge


The People of the State of California,)
                                      )
                        Plaintiff,)
                                      )
        vs.                           ) Nos. S6-08490
                                      )       S6-08436
Donald Eugene Radonich,               )       S5-07090
                                      )
                        Defendant.)
_____)

Santa Cruz, California                    April 8, 1996

Reporter's Transcript

Appearances:

For the People:    Office of the District Attorney
                   By:  Barbara Rizzieri, Deputy
                   By:  Marcia Jue Pelio, Deputy
                   701 Ocean Street
                   Room 250
                   Santa Cruz, California 95060

For Defendant:     Office of the Public Defender
                   By:  George Gigarjian, Deputy
                   2103 North Pacific Avenue
                   Santa Cruz, California 95060

Also Present:      Dennis Mc Dowell
                   Probation Officer

COPY

Carole Lee Sanders, CSR #5936, Official Reporter

1    Santa Cruz, California; Monday, April 8, 1996; 10:20 A.M.

2    Department No. 2          Hon. Robert B. Yonts, Judge

3    Appearances:

4         The Defendant with his counsel, George

5         Gigarjian, Deputy Public Defender of Santa Cruz

6         County; Barbara Rizzieri and Marcia Jue Pelio,

7         Deputy District Attorneys of Santa Cruz County,

8         representing the People of the State of California;

9         Dennis Mc Dowell, Probation Officer.

10        (Carole Lee Sanders, Official Reporter.)

11

12        The Court:  Ms. Rizzieri, we can call Mr. Radonich.

13        Mr. Radonich is present here represented by Mr.

14   Gigarjian.  And let me pull the file.

15        Ms. Rizzieri:  If I may outline the disposition on

16   my two matters.

17        The Court:  Just a moment, please.

18        Ms. Rizzieri:  Yes.

19        The Court:  I want to acknowledge to his parents

20   that I received the note from you with regard to your concern

21   for your son.  And I acknowledge the note and have read it.

22        Mr. Gigarjian:  I don't think counsel saw that, but

23   I am not sure.  I didn't see it either.

24        Ms. Rizzieri:  No.

25        The Clerk:  He needs to be fingerprinted on the new

26   charge.

1          Mr. Gigarjian:  We refuse --

2          Can I look at it while you are looking at it?

3          Ms. Rizzieri:  Uh-huh.

4          (Discussion off the record.)

5          Mr. Gigarjian:  Your Honor, just so you know, Mr.

6    Radonich is not standing up because he is being

7    disrespectful.  He has a hernia.  And he has been told not to

8    stand up.  And actually, I didn't tell counsel this.  But I

9    don't know if they are listening --

10          Barbara, Mr. Radonich has a hernia.

11          And I haven't gotten the medical records.  But he

12    has been told that he needs an operation.  And at some point,

13    I would probably come before the Court and let counsel know

14    and ask the Court for a couple days pass, or however long it

15    takes to have the operation, if it is borne out that the

16    medical people are saying it is necessary, just so you know

17    that.

18          The Court:  Okay.

19          Ms. Rizzieri:  I don't know if the Court wants to

20    arraign him first on the new matter.

21          The Court:  Yes.  So on line 9 --

22          Ms. Rizzieri:  Case S6-08490.

23          The Court:  Let me get -- All right.  So then we

24    are on S6-08490.

25          Is there a fingerprint card -- Oh, it hasn't been

26    done.

1          So your true name is Donald Eugene Radonich?

2          The Defendant:  Yes, sir.

3          The Court:  Was there a Jr. there?

4          The Defendant:  Yes.

5          The Court:  Also Jr. will be noted in the record.

6          So on this new complaint, there is just one felony

7    charge; that is, you possessed for the purpose of sale a

8    controlled substance, methamphetamine.  So that is the

9    charge.

10          Did you get a copy of the complaint, Mr.

11    Gigarjian?

12          Mr. Gigarjian:  I think it is en route.  Thank

13    you.

14          The Court:  Do you waive detailed reading of the

15    complaint?

16          Mr. Gigarjian:  Yes, and waive formal arraignment.

17    And actually part of the plea disposition Mr. Radonich is

18    going to end up pleading guilty to is that --

19          Ms. Rizzieri:  If I may outline his disposition at

20    least for my two cases, in Case S6-08436, Mr. Radonich will

21    be pleading guilty to Count I, 245(A)(2), and the special

22    allegation, and also Count III, the 12021(A), that he would

23    receive no jail time on this case.  But the term of 1203.097

24    would be placed as a term of condition of his probation.

25          The Court:  Say that again?

26          Ms. Rizzieri:  1203.097 would be a term and

1    condition of his probation on this matter.

2    The Court:  That is the counseling and the payment

3    for the counseling?

4    Ms. Rizzieri:  That's correct.

5    The Court:  Okay.

6    Ms. Rizzieri:  $200 domestic violence fund, $100 to

7    the local shelter, also ask for an abstain from alcohol and

8    any illegal substances.

9    Also on Case S5-07090, Mr. Radonich will be

10   admitting the probation violation.  And he would be sentenced

11   to the remaining time, which is 327 days on that case.  And

12   with that sentence, this probation will be terminated.

13   The Clerk:  On the first case, he is going to admit

14   12022.5; is that what you are talking about?

15   Mr. Gigarjian:  I actually -- I didn't realize that

16   you were asking for that.

17   The Clerk:  There are two of those as to Count I

18   and Count II.

19   Mr. Gigarjian:  I thought you were going to dismiss

20   those as part of the -- It still is a strike as long as it is

21   charged, is my understanding, under 667.5.

22   Ms. Rizzieri:  I don't know the answer to this

23   question.  Maybe if I could have a moment while Ms. Jue Pelio

24   is outlining the other disposition.

25   Mr. Gigarjian:  The other part of the disposition

26   is pretty simple.  Mr. Radonich would plead guilty to the

```
 1    11378, and get 90 days consecutive to the other time.

 2             Ms. Jue Pelio:  He would also be placed on three

 3    years formal probation with standard drug conviction terms

 4    and conditions.

 5             The Court:  All right.  That will be including the

 6    $1,000 or $200.

 7             The Clerk:  There is no $1,000 on the 11378.  There

 8    is a lab fee.

 9             Ms. Jue Pelio:  Lab fee and the $200 restitution

10    filing fee.

11             The Court:  Okay.

12             (Discussion off the record.)

13             Mr. Gigarjian:  May I just explain to him that?

14             I didn't realize it was part of the disposition.

15             The Court:  Certainly.

16             (Discussion off the record.)

17             Mr. Gigarjian:  I believe we still have a

18    disposition where Mr. Radonich will admit the 12022.5.

19             Ms. Rizzieri:  That is a special allegation, your

20    Honor, under Count I.

21             The Court:  Help me a little bit here.  I don't see

22    it in the --

23             Ms. Rizzieri:  Right on the bottom, very bottom

24    line on the first page.  The first page says "Special

25    Allegation" second to the last name, and continued on the

26    next page.
```

 1           The Court:  Oh, 12022.5(A), so that it is only a

 2    special allegation.

 3           Ms. Rizzieri:  Yes, with the plea to Count I and

 4    special allegation on Count I.  With the plea to Count III,

 5    People would be dismissing Count II and the special

 6    allegation on Count II.

 7           The Court:  Okay. We will work through it here.

 8    And I would ask counsel to speak up.

 9           Is that the disposition?

10           Mr. Gigarjian:  Was I mumbling?

11           The Court:  Yes.

12           Was that the disposition?

13           Mr. Gigarjian:  Yes, your Honor, I believe that is

14    the disposition.

15           The Court:  All right.  So Mr. Radonich, do you

16    understand the disposition of these three matters that has

17    been reached?

18           The Defendant:  Yes, I do.

19           Ms. Rizzieri:  Also, your Honor, on this case we

20    would like to get a presentence report.  We have already

21    talked to Mr. Mc Dowell, and so the Court knows that he won't

22    be sentenced today, but put off until a later date.

23           The Court:  Isn't there an agreement as to what he

24    can --

25           Ms. Rizzieri:  There is.  But because it is a

26    domestic violence case, and because of Mr. Radonich's

1  history, Probation and Ms. Jue Pelio and myself would like to
2  see exactly what we are dealing with here. He has a long
3  history. And now drugs have been introduced into this action
4  also.

5          The Court: All right. That is fine. So today
6  then I am only taking the plea.

7          Ms. Rizzieri: That's correct.

8          The Court: Okay. Mr. Radonich --

9          Mr. Gigarjian: I was just going to say, and Mr.
10  Radonich, just for the record, knows that the plea of guilty
11  to the 245 with the special allegation could be used against
12  him as a strike in the future.

13          Right?

14          The Defendant: Yes.

15          The Court: All right. So let's go through all
16  this.

17          Mr. Radonich, there are three cases that are here.
18  Two are new cases, and one is a probation violation.

19          So you would be in the matter I arraign you on
20  today, that is the 11378 charge, you would be entitled to a
21  preliminary exam and jury trial on that, as well as the
22  No. 10 on the calendar, you are entitled to a preliminary
23  exam and the jury trial. And you are also on No. 11 on the
24  calendar entitled, the probation violation.

25          So those, I will call those the hearings. There
26  would be five of them if they were all done separately.

1              Do you understand what all those are?

2              The Defendant:  Yes, sir.

3              The Court:  Do you waive your rights to those

4      hearings?

5              The Defendant:  Yes, sir.

6              The Court:  Now at those hearings, if they

7      occurred, you would be entitled to have counsel; do you

8      understand your right to counsel?

9              The Defendant:  Yes, sir.

10             The Court:  Do you waive your right to counsel at

11     those hearings?

12             The Defendant:  Yes.

13             The Court:  You would also be entitled to confront

14     and cross examine any witnesses that the prosecution

15     presented against you at those hearings; do you understand

16     your right to confront and cross examine?

17             The Defendant:  Yes, I do.

18             The Court:  Do you waive that right?

19             The Defendant:  Yes, sir.

20             The Court:  You also have the right, on the other

21     side of the coin, at those hearings to present favorable

22     evidence by subpoenaing witnesses and having the power of the

23     Court to assist you in subpoenaing witnesses to testify on

24     your behalf or present evidence favorable to you; do you

25     understand your right to subpoena witnesses on your own

26     behalf?

1              The Defendant:  Yes, sir.

2              The Court:  Do you waive that right?

3              The Defendant:  Yes, sir.

4              The Court:  You also, by admitting the probation

5    violation and pleaing here today, you are in effect waiving

6    your right against self-incrimination; do you understand your

7    right against self-incrimination?

8              The Defendant:  Yes, sir, I do.

9              The Court:  Do you waive that right in these

10   proceedings?

11             The Defendant:  Yes.

12             The Court:  All right.  So let's talk about

13   maximums; what are they?

14             Mr. Gigarjian:  Fourteen years, eight months.

15             The Court:  Fourteen years, eight months?

16             Mr. Gigarjian:  Two, three, or four on the 245;

17   three, four or ten with the special allegation.  And he could

18   get eight months consecutive on the 11378.

19             The Court:  Is that agreed?

20             Ms. Rizzieri:  Yes.

21             The Court:  So that being the sack of sand hanging

22   over your head, as 14 years, eight months, Mr. Radonich, in

23   other words, if -- although there is an agreement here as to

24   how much actual time you will serve on probation, if the

25   situation gets worse, you could go off and --

26             How old are you now?

1          The Defendant:   Thirty.

2          The Court:   You could see forty-five sitting --
3    possibly end up sitting in state prison.  So that would
4    pretty much interrupt the middle years of your life.  So I
5    want you to understand that that is standing over your head,
6    14 years, eight months.

7          Once you are released from state prison, if you end
8    up there, you will be placed on parol for up to four years
9    for each violation of parol.  You could get placed back in
10   state prison for one year for each violation.

11         Under the situation you are facing today, you would
12   pay a restitution fee of $200, lab fee.  You would pay a $200
13   counseling fee under section 1203.097 of the Penal Code.  You
14   would pay $100 to the local shelter.  And I believe I have
15   covered all the consequences.  Are there any others?

16         Ms. Rizzieri:   Also advise him if he is not a
17   citizen.

18         The Court:   Oh, yes.  I am concerned --

19         Mr. Gigarjian:   Back on the consequences, it is my
20   understanding it is part of those counseling fees, terms, et
21   cetera, that Mr. Radonich, which I think he knows, would have
22   to do the year long batterer's treatment program, which I
23   don't know if you expressly said.

24         The Court:   I did not expressly say that.

25         But you will have to go through that program.  And
26   we will discuss it in more detail at the sentencing.

1              Also if you are not a citizen of this country, you
2    may be deported as a result of these convictions, you may be
3    denied the right to reenter, or you may lose your
4    naturalization rights.
5              You appear to be a citizen to me, as far as I
6    know.  But the law makes me utter those words in the event
7    you aren't.
8              Are you presently taking any medications or drugs
9    of any sort?
10             The Defendant:  Yes.
11             The Court:  What are you taking?
12             The Defendant:  They got me taking a few
13   antibiotics, and some Motrin and stuff.
14             The Court:  For your pain?
15             The Defendant:  Yeah.
16             The Court:  Do those medications interfere with
17   your judgment or clear thinking today, do they interfere with
18   what you are deciding to do?
19             The Defendant:  No, sir.
20             Ms. Jue Pelio:  Your Honor, he also needs to be
21   advised for his plea to the drug charge that he would be
22   subject to registration as a drug offender, testing and
23   search and seizure.
24             The Court:  That's correct.
25             You will be required to register as a drug
26   offender.  You will be subject to search and seizure, meaning

1   that a police officer or your probation officer at any time
2   of the day or night could search your person, your house,
3   car, anything within your dominion or control with or without
4   a warrant.  I think I said day or night.  And you would
5   finally be prohibited from using drugs and alcohol during the
6   term of your probation.

7           So I think that sums up the consequences.

8           Is there a factual basis for these charges?

9           Do you want to start at the top on the 11378?

10          Ms. Jue Pelio:  Yes.  People stipulate that on
11   March 21st of this year, the defendant was in possession of a
12   controlled substance, methamphetamine, for the purpose of
13   sale.

14          The Court:  All right.  And then with regard to the
15   245?

16          Ms. Rizzieri:  Yes, that on March 19th Mr. Radonich
17   assaulted Lorinda Norman with a firearm.  And he was
18   personally using that firearm.  It is a nine-millimeter,
19   Glock handgun.

20          And for Count III, still again possessed that
21   handgun, and that he has been previously convicted on
22   October 13th, 1987 in superior court in the State of
23   California, County of Santa Cruz, of a felony, 496(A) of the
24   Penal Code.

25          The Court:  All right.  And then the probation
26   violation would be the above?

1              Probation Officer:  Yes.

2              Ms. Rizzieri:  That's correct.

3              The Court:  So the -- And counsel, do you concur in

4     the pleas under the new crimes, the two new cases, and the

5     admission of the probation violation?

6              Mr. Gigarjian:  Yes.

7              The Court:  All right.  The Court finds that you

8     have made a knowing and intelligent --

9              Ms. Rizzieri:  He hasn't pled yet.

10             The Court:  I am not there yet.

11             Ms. Rizzieri:  Okay.  I am sorry.  I am getting

12    ahead of myself.

13             The Court:  The Court finds that you have made a

14    knowing and voluntary and intelligent waiver of your

15    constitutional rights first, that you understand the

16    consequences, and that there is a factual basis for each

17    thing you are doing here, so that there is support and facts

18    for these admissions.

19             So with regard to No. 9, that is S6-08490, what is

20    your plea to the first count, that is, 11378 of the Health

21    and Safety Code?

22             Mr. Gigarjian:  Possession for sale.

23             The Defendant:  No contest.

24             The Court:  All right.  And then I should remind

25    you or note for you that as far as I am concerned, and as far

26    as the law is concerned, a no contest is the same as a guilty

```
 1  plea.

 2              The Defendant:  Yes, sir.

 3              The Court:  But we need to advise you of that.

 4              Now with regard to No. 10 here on the calendar,

 5  S6-08436, with regard to Count I, that is assault on Lorinda

 6  Norman with a firearm, what is your plea to Count I,

 7  245(A)(2)?

 8              The Defendant:  Guilty.

 9              The Court:  All right.  The guilty plea is noted.

10              And do you admit the special allegation that during

11  the commission, you had a nine-millimeter Glock handgun

12  within the meaning of 12022.5(A)?

13              The Defendant:  I don't understand.

14              Mr. Gigarjian:  That means, do you admit that?

15              (Discussion off the record.)

16              Ms. Rizzieri:  I believe it is personal use, your

17  Honor.

18              (Discussion off the record.)

19              Mr. Gigarjian:  I think we are ready to proceed if

20  the Court is.

21              The Defendant:  Yes, I admit.

22              The Court:  So you know that that amounts to a

23  strike, as far as the three strikes law goes, correct?

24              The Defendant:  Yes.

25              The Court:  Then there is a count -- I will just

26  take them in order.
```

1            You are going to dismiss Count II?

2            Ms. Rizzieri:  That's correct.

3            The Court:  So Count II is dismissed.

4            Then there is a Count III here.  And that is that

5  you committed -- What is your plea to Count III, which is

6  that you are a felon in possession of a handgun?

7            (Discussion off the record.)

8            The Defendant:  No contest.

9            The Court:  All right.  So the no contest, the

10  comments I made earlier about that being the same as the

11  guilty plea will stand.

12            And there is -- is the 1203.097, a special

13  allegation, or just within the meaning of that --

14            Ms. Rizzieri:  Just probation terms and conditions,

15  your Honor.

16            The Court:  All right.  Then with regard to the

17  probation violation, do you admit the probation violation?

18            Mr. Gigarjian:  Pretty much the fact that he did

19  that with his pleas, but if you want to have him say it out

20  loud --

21            The Defendant:  Yes, I do.

22            The Court:  Okay.  Mr. Radonich, as I understand

23  it, before sentencing the Court will refer this matter for a

24  workup by the probation department.  And the disposition has

25  been placed on the record.  Possibly the -- This plea has

26  been conditioned on these terms.

1           All I understand the probation report to be for is

2   to more fully investigate?

3           Probation Officer:  Correct, give background.  We

4   have a juvenile file here, plus we have some serious

5   allegations.  I would suspect that in the future, the Court

6   may need or, you know, would want to have that information

7   available to have a complete understanding of Mr. Radonich

8   and his behavior and history.

9           Ms. Rizzieri:  Mr. Radonich was just here on the

10  8th of January on a 273.5 case that was dismissed for a

11  different plea.

12          And it is something that has been happening with

13  Mr. Radonich's life within the last year, year and a half, so

14  says the victim.

15          Within the last six months, he appears to have many

16  violent offenses on his record.  And we need to find out what

17  is going on with him.

18          Mr. Gigarjian:  In addition to that, just as sort

19  of an editorial note, I have been noticing a lot lately when

20  there are plea agreements in this case, that Melanie is

21  pretty good about writing them down.

22          But for some reason on the presentence reports,

23  under the section where it says plea agreement, it routinely

24  says none.  And then, you know, we have to sort of rehash the

25  whole thing when we come back to court.

26          So I just thought -- not that it is Probation's

1  fault or anyone's fault, I just thought I would note that

2  while it comes to mind, because in this case there is already

3  a disposition.

4          I am sure you wrote it down.

5          Probation Officer:  Both me and Melanie.

6          Mr. Gigarjian:  And I am sure you are great at it,

7  too.  I have just personally been noticing that that has come

8  up a fair amount.

9          Ms. Jue Pelio:  Your Honor, just one more concern

10 of the People, I don't know what the status is of Mr.

11 Radonich being held in custody on his domestic violence

12 cases.  But in the drug case, he has a $10,000 bail.

13         And I should have mentioned this earlier, but

14 should he somehow be released on the case from custody, and

15 he does not return to court as for his next court date, or

16 violates any other laws while he is out of custody, this deal

17 regarding this particular case would be off.

18         Mr. Gigarjian:  That is fine.  He has a $50,000

19 bail on the other case.  I don't think he is going anywhere.

20         Ms. Rizzieri:  That would be the same for my cases,

21 also, your Honor.

22         The Court:  All right.  So if you do bail out or

23 even while you are in jail, you could get an offense, too, it

24 is very important for you for this agreement that you obey

25 all laws.  I would hope that it wouldn't be just until

26 sentencing, but from now on in your life to obey all laws.

1        Sometimes you think you can't obey, you are not

2   going to always be handed the meter maid if you don't drop

3   the quarter in, but all laws that count, obey.

4        And then, you know, the laws are just society

5   trying to order itself and allow people to live in peace and

6   live productive lives.

7        They are not -- Sometimes I think that people think

8   that laws are set up for other purposes.  But they are really

9   just part of an orderly society so we can all have the most

10  from society.

11        So put this matter over until when?

12        Probation Officer:  May 6th.

13        The Court:  May 6th for sentencing.  That would be

14  Monday, May 6th, at 8:15.

15        So I will see you then, Mr. Radonich.

16        Ms. Rizzieri:  Also your Honor, there was on

17  Lorinda Norman, I asked that a warrant be stayed or body

18  attachment be stayed.  She has come into our office.  So I

19  ask that that be lifted and vacated.

20        The Clerk:  That was to S6-08436?

21        Ms. Rizzieri:  That's correct.

22        The Court:  All right.  She has made contact with

23  your office.  So that will be vacated.

24        Thank you.  Thank you folks for coming in.

25        (Concluded at 10:45 a.m.)

26

**E X H I B I T   " F "**

FILED
CLERK OF COURT
SUPERIOR / MUNICIPAL

95 MAR 22 PM 1:15

1 ARTHUR DANNER III, DISTRICT ATTORNEY
COUNTY GOVERNMENT CENTER
2 701 OCEAN STREET, ROOM 200
SANTA CRUZ, CALIFORNIA 95060
3 TELEPHONE: (408) 454-2400

4 ATTORNEYS FOR THE PEOPLE

5

6

7

8 MUNICIPAL COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ

9 SANTA CRUZ JUDICIAL DISTRICT

10 THE PEOPLE OF THE STATE OF CALIFORNIA, )
)
11                              Plaintiff, )   Case No. 56 -08436
              vs.                         )
12                                        )   COMPLAINT -- CRIMINAL
DONALD EUGENE RADONICH                    )
13                                        )
                                          )   Date:    03/25/96
14                                        )   Time:    08:15 A.M.
                                          )   Dept:
15 _____ Defendant(s), )   Event:   ARRC

16     Arthur Danner III, District Attorney of the County of Santa

17 Cruz, State of California, accuses DONALD EUGENE RADONICH of the

18 following crime(s) committed in the County of Santa Cruz, State

19 of California:

20 COUNT 01 A Violation of section 245(A)(2) of the Penal Code of

21 the State of California, a felony committed on or about March 19,

22 1996 in that at said time and place the above named defendant(s)

23 did willfully and unlawfully commit an assault on Larinda Norman

24 with a firearm.  It is further alleged that, pursuant to Penal

25 Code section 1203.095, there is a presumptive minimal jail time

26 required if you are convicted of this charge.

27                         SPECIAL ALLEGATION

28     It is further alleged that in the commission and attempted

1  commission of the above offense(s), the said defendant(s) per-
2  sonally used a firearm(s), to wit: 9 mm Glock handgun, within the
3  meaning of Penal Code section 1203.06(a)(1) and 12022.5(a) also
4  causing the above offense to become a serious felony pursuant to
5  Penal Code section 1192.7(c)(8).

6  COUNT 02 A Violation of section 245(A)(2) of the Penal Code of
7  the State of California, a felony committed on or about March 19,
8  1996 in that at said time and place the above named defendant(s)
9  did willfully and unlawfully commit an assault on Richard Thomas
10 with a firearm.  It is further alleged that, pursuant to Penal
11 Code section 1203.095, there is a presumptive minimal jail time
12 required if you are convicted of this charge.

13                         SPECIAL ALLEGATION

14     It is further alleged that in the commission and attempted
15 commission of the above offense(s), the said defendant(s) per-
16 sonally used a firearm(s), to wit: 9 mm Glock handgun, within the
17 meaning of Penal Code section 1203.06(a)(1) and 12022.5(a) also
18 causing the above offense to become a serious felony pursuant to
19 Penal Code section 1192.7(c)(8).

20 COUNT 03 A Violation of section 12021(A)(1) of the Penal Code of
21 the State of California, a felony committed on or about March 19,
22 1996 in that at said time and place the above named defendant(s)
23 did willfully and unlawfully own, possess and have custody and
24 control of a firearm, to wit, 9 mm Glock handgun, the said
25 defendant(s) having theretofore been duly and legally convicted
26 of a felony or felonies, to wit:

27 1.  On or about October 13, 1987, in the Superior Court of the
28 State of California, for the County of Santa Cruz, said defendant

1  was convicted of the crime of Possession of Stolen Property, in

2  violation of section 496(a) of the Penal Code of the State of

3  California, a felony.

4      Therefore, complainant declares under penalty of perjury that

5  the foregoing is true and correct.

6  Executed on March 22, 1996 at Santa Cruz, California.

7

8

9                                      ARTHUR DANNER III
                                       DISTRICT ATTORNEY

10

11                                     BARBARA A. RIZZIERI
                                       ASSISTANT DISTRICT ATTORNEY

12  SCSO
    KC

13

14

15                          I hereby certify the foregoing
                            instrument is a correct copy of
16                          the original on file in this office.

17                          DATED  3/13/07
                                   ALEX CALVO, CLERK
18                          By_____Deputy

19

20

21

22

23

24

25

26

27

28

**E X H I B I T　　" G "**

ART Danner III

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS

NOTICE AND DEMAND FOR TRIAL
DC 643 (8/93)

S6-08490
S6-08436

---

TO THE DISTRICT ATTORNEY, _Santa Cruz_ COUNTY, State of California:

Please take notice that I, _Donald Eugene Radonich Jr._, Inmate # _P-23442_

of _P.V.S.P_ , was convicted of the crime of _H.S. 11383 (c)  496 (a)_
(NAME OF FACILITY WHERE INCARCERATED)                      (PRINT NAME IN FULL)

in _Marin_ County, _C.A._ , and was sentenced by said
                                              (STATE)

on or about _December 18th_, 19 _98_ to a term of _16 yrs 4 mo._

with a Tentative Release Date / Minimum Eligible Parole Date of _1/10/2011_

I have reason to believe that the following criminal action is now pending against me in _Santa Cruz_ County.

CHARGES: _P.C. 245 A  12021 A  H.S. 11378_ WARRANT #: _S608490/S608436_

COURT (Location): _701 Ocean St._ ARRESTING AGENCY: _Santa Cruz Sheriff_

I HEREBY DEMAND A HEARING AND TRIAL OF SAID CRIMINAL ACTION AS PRESCRIBED BY SECTION 1381 OF
THE CALIFORNIA PENAL CODE.

| DATE OF BIRTH | SEX | RACE | HEIGHT | WEIGHT | HAIR COLOR | EYE COLOR |
|---|---|---|---|---|---|---|
| 6/16/66 | M | White | 6'6" | 260 | Brn. | Brn. |

FACILITY NAME AND ADDRESS WHERE INCARCERATED                    OTHER NAMES (Aliases) USED:

PLEASANT VALLEY STATE PRISON
24863 WEST JAYNE AVENUE
P.O.B. 8500
COALINGA, CA 93210

I CERTIFY (OR DECLARE) UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

| INMATE'S SIGNATURE | DATE | CII NUMBER |
|---|---|---|
| Don Radonich | 7/1/99 | P-23442 |

---

THIS PORTION IS TO BE DETACHED BY THE DISTRICT ATTORNEY'S OFFICE
AND RETURNED TO THE CASE RECORDS OFFICE OF THE FACILITY WHERE INMATE IS INCARCERATED.

I, _____ District Attorney of the

County of _____ , State of California, do hereby acknowledge receip

of NOTICE AND DEMAND FOR TRIAL, dated _____ , by _____

Inmate # _____ , of _____

| DISTRICT ATTORNEY | STATE OF CALIFORNIA, COUNTY OF | DATE |
|---|---|---|
| | | |

RECEIPT TO BE RETURNED TO:     CASE RECORDS OFFICE

NAME OF FACILITY: _PLEASANT VALLEY STATE PRISON_

ADDRESS: _24863 WEST JAYNE AVENUE_

P.O.B. 8500

COALINGA, CA 93210

E X H I B I T   " H "

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SANTA CRUZ**

FILED
SUPERIOR COURT
OF CALIFORNIA
CO. OF SANTA CRUZ
99 AUG 6 AH 9:02

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) | NO.  S6-08436, S6-08486 |
| | ) | |
| Plaintiff, | ) | AFFIDAVIT AND ORDER FOR THE |
| | ) | PRODUCTION OF PRISONER |
| -vs- | ) | |
| | ) | |
| DONALD EUGENE RADONICH, JR., P-23442 | ) | |
| | ) | |
| Defendant. | ) | |

The undersigned is a duly appointed, qualified and acting Assistant District Attorney for the County of Santa Cruz, State of California;

That DONALD EUGENE RADONICH, JR. is confined as a prisoner in PLEASANT VALLEY STATE PRISON, COALINGA, CA, and that a complaint charging him with the crime of violation of Section 245(A)(2) of the Penal Code, and 11378 of the Health and Safety Code, both FELONIES, were filed on March 25, 1996 and April 4, 1996 in the Municipal Court of the County of Santa Cruz, State of California.

Your affiant therefore prays for an Order of this Court addressed to the PLEASANT VALLEY STATE PRISON, COALINGA, CA, to produce the said prisoner for FURTHER PROCEEDINGS on the aforesaid charge.

I certify under penalty of perjury that the foregoing is true and correct.

Subscribed at Santa Cruz, California, this 28th day of July, 1999.

KRISTIN A. LONG
Assistant District Attorney

**ORDER**

THE PEOPLE OF STATE OF CALIFORNIA TO:PLEASANT VALLEY STATE PRISON, COALINGA, CA:

An affidavit having been made this date before me that DONALD EUGENE RADONICH, JR., be produced in the Superior Court to be prosecuted for the crime of violation of Section 245(a)(2) of the Penal Code and 11378 of the Health and Safety Code, both felonies, offenses triable in the Superior Court.

You are commanded to deliver him into the custody of the Sheriff of the County of Santa Cruz at such times as may be necessary for the purpose of FURTHER PROCEEDINGS, and returned to your custody upon the completion thereof.

Dated: ~~July~~ _____, 1999.
August 5

JUDGE OF THE SUPERIOR COURT

C:\WP51\FORMS\OTP.FONn

E X H I B I T     " I "

SERIOR COURT OF CALIFORNIA
County of Santa Cruz

People of the State of California
                    vs.                          Case No. S6-08436
DONALD EUGENE RADONICH

                                                 MINUTE ORDER

=======================================================================
 Dept.5  08/26/99  8:15 am PROBATION VIOLATION (Set)
=======================================================================
Charges:
1) F245(A)(2) PC-F C, 2) F245(A)(2) PC-F D, 3) 12021(A)(1) PC-F C


-----------------------------------------------------------------------
Honorable Robert B. Atack presiding.
Clerk: Parmenter.
Court Reporter: Gallagher.
Deputy District Attorney: B. Rizzieri
- - - - - - - - - - - - - - - - - - - - - - - - -
Defendant is present
with Public Defender D. August.
Defendant admits probation violation. Right to hearing waived.
Probation is reinstated.
Defendant waives arraignment for pronouncement of judgment.
-
JUDGMENT:
Probation is terminated effective 08/26/99. Defendant is
sentenced to the California Department of Corrections as
follows:
AS TO CT. 1: the Court imposes one-third the middle term of 3
years for a total of 1 years and 0 months.
Ct. 1 is declared the principal term.
AS TO CT. 3: the Court imposes one-third the middle term of 2
years for a total of 0 years and 8 months.
Prison term on Ct(s) 3 is stayed pursuant to 654 PC.
As to allegation PF-12022.5(a)PC  in Ct. 1, the Court imposes
one-third the middle term of 4 years for a total of 1 years and
4 months.
Time imposed on enhancement allegation PF-12022.5(a)PC  in Ct 1
is ordered to run consecutive with time imposed in Ct. 1.
Defendant is sentenced to State Prison for a TOTAL TERM of 2
years 4 months.
Prison sentence in this case is ordered to run consecutive to
sentence in case SC100954A, Marin County.
Defendant's credit for time served is 115 days local time plus
56 days per 4019(b) PC for a total of 171 days.
Previously stayed Restitution Fine per 1202.4 PC in the amount

--------------------------------------------------------------------------------

Case Number : S6-08436        People vs. DONALD RADONICH
================================================================================

    of $ $200.00 shall be paid to the Restitution Fund through CDC
    as they shall direct.
    Pursuant to 1202.45 PC, a Restitution Fine in the amount of
    $200.00 is ordered and suspended unless defendant's parole is
    revoked.
    Defendant is ordered to serve a period of parole and is further
    ordered to report to the parole unit closest to his/her last
    legal residence within 48 hours of release, excluding weekends
    and holidays.
    Public Defender is relieved.
    -
    CUSTODY STATUS:
    Defendant remanded to the custody of the Sheriff to be delivered
    to the Department of Corrections.
    Defendant is to be delivered to CDC at SANQUENTIN.
    -
    =========== MINUTE ORDER END/ tjs =============

I hereby certify the foregoing
instrument is a correct copy of
the original on file in this office.

DATED 3/13/0
         ALEX CALVO. CLERK

By                    Deputy

## ABSTRACT OF JUDGMENT - PRISON COMMITMENT

FORM DSL 3

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | SANTA CRUZ | | | |
|---|---|---|---|---|
| COURT I.D. `4 4 4 6 0` | BRANCH | SANTA CRUZ | | |

| | | | CASE NUMBER (S) | |
|---|---|---|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA versus | ☒ PRESENT | S6-08436 | -A |
| DEFENDANT: DONALD EUGENE RADONICH | | | -B |
| AKA: | ☐ NOT PRESENT | | -C |
| COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT | AMENDED ABSTRACT ☐ | | -D |
| | | | -E |

| DATE OF HEARING (MO) (DAY) (YR) 8/26/99 | DEPT. NO. 5 | JUDGE Robert B. Atack | CLERK M. Parmenter |
|---|---|---|---|
| REPORTER D. Gallgher | COUNSEL FOR PEOPLE B. Rizzieri | COUNSEL FOR DEFENDANT Public Defender | PROBATION NO. OR PROBATION OFFICER |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY / MISDEMEANORS):

☐ ADDITIONAL COUNTS ARE LISTED ON AN ATTACHMENT _____ (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | JURY TRIAL | COURT TRIAL | PLEA | TERM 4, 1.3 | CONCURRENT | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE 1/3 NONVIOL. | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE QUARTER 4 | S/4 STAY | YEARS | MONT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 245(a)(2) p | ASSAULT WITH FIREARM | 96 | 4 | 8 | 96 | | | X | | | X | | | | | 1 | 0 |
| 2 | PC | 12021(a)(1) p | POSSESS OF FIREARM | 96 | 4 | 8 | 96 | | | X | | | X | | | X | | | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022 series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or 'S' for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC 12022.5 | 1 year 4 months | (1/3 mid term of 4 years) | | | | | | | | 1 | 4 |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667 series) and OTHER. List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times. Enter time imposed for each or 'S' for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time to these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |

4. INCOMPLETED SENTENCE(S) CONSECUTIVE:

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| MARIN | SC100954 | 472 |

5. OTHER ORDERS  SEE MINUTE ORDER FOR RESTITUTION FINE AND FEES.
DEFENDANT ADVISED OF APPEAL RIGHTS.

Use additional sheets of plain paper if necessary.

6. TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A):

7. TIME STAYED TO COMPLY WITH 5-YEAR OR 10-YEAR LIMIT ON SUBORDINATE TERMS, DOUBLE BASE-TERM LIMIT, ETC. (Do not include § 654 stays or discretionary stays of term for enhancements.)

8. TOTAL TERM IMPOSED: | 2 | 4 |

9. EXECUTION OF SENTENCE IMPOSED:

| A ☐ AT INITIAL SENTENCING HEARING | B ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL | C ☒ AFTER REVOCATION OF PROBATION | D ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d)) | E ☐ OTHER |
|---|---|---|---|---|

| 10. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 8/26/99 | CREDIT FOR TIME SPENT IN CUSTODY 171 | TOTAL DAYS INCLUDING: | ACTUAL LOCAL TIME 115 | LOCAL CONDUCT CREDITS 56 | STATE INSTITUTIONS ☐ DMH | ☐ CDC |
|---|---|---|---|---|---|---|

**SUPERIOR COURT OF CALIFORNIA**
County of Santa Cruz

Case No. 36-C 81/36

People v. __Donald Eugene Rathonich__    **PRISON WORKSHEET**    Date __8-26-99__

Judge __Cynch__    Clerk __Parmenter__    Reporter __Gallagher__

DDA __Kitten__    Prob. Officer __Bull__    Interpreter _____

□ Def. Present with __August__    □ Arraigned for pronouncement of judgment  ☒ Waives arr. for pronouncement of judgment
Defendant is resentenced per □ decision on appeal  □ recall of commitment per 1170(d) PC
□ The Court has and considered the probation report. Probation is □ denied. ☒ terminated. Def. Sentenced to CDC.
The Court finds factors in □ mitigation □ aggravation    □ Def. committed to CYA. Maximum term is _____
□ Execution of sentence below is suspended and Probation is granted. (See Probation Order for terms and conditions.)
□ Def. sentenced to confinement in County Jail for _____ days as to Ct. _____ □ concur. with □ consec. to prison sentence below.

**COUNTS:**

Ct. __1__  __245(a)(2) PC__    : □ 1st Degree □ 2nd Degree ☒ Principal term

□ LOW □ MID □ UPPER TERM _____ yrs _____ mos □ 1/3 MID term of __3__ yrs for __1__ yrs __∅__ mos

PER 667(b)-(i) PC:    □ double □ triple  base term of _____ yrs _____ mos  for _____ yrs _____ mos
(Strike case)    □ double □ triple  1/3 Mid term of _____ yrs ( _____ yrs _____ mos)  for _____ yrs _____ mos

□ Concur. with Ct. _____ □ Consec. to Ct. _____    Stayed □ per 1170.1g PC □ per 654 PC

Ct. __3__  __12021(a)(1) PC__    : □ 1st Degree □ 2nd Degree □ Principal term

□ LOW □ MID □ UPPER TERM _____ yrs _____ mos ☒ 1/3 MID term of __2__ yrs for __2__ yrs __8__ mos

PER 667(b)-(i) PC:    □ double □ triple  base term of _____ yrs _____ mos  for _____ yrs _____ mos
□ double □ triple  1/3 Mid term of _____ yrs ( _____ yrs _____ mos)  for _____ yrs _____ mos

□ Concur. with Ct. _____ □ Consec. to Ct. _____    Stayed □ per 1170.1g PC ☒ per 654 PC

Ct. _____  _____    : □ 1st Degree □ 2nd Degree □ Principal term

□ LOW □ MID □ UPPER TERM _____ yrs _____ mos □ 1/3 MID term of _____ yrs for _____ yrs _____ mos

PER 667(b)-(i) PC:    □ double □ triple  base term of _____ yrs _____ mos  for _____ yrs _____ mos
□ double □ triple  1/3 Mid term of _____ yrs ( _____ yrs _____ mos)  for _____ yrs _____ mos

□ Concur. with Ct. _____ □ Consec. to Ct. _____    Stayed □ per 1170.1g PC □ per 654 PC

**ALLEGATIONS**

Ct. __1__  __12022.5(a)(1) PC__  term □ _____ yrs _____ mos □ 1/3 Mid term of __4__ yrs for __2__ yrs __4__ mos

□ Concur. with Ct. _____ □ Consec. to Ct. _____    □ Stayed    □ Stricken

Ct. _____  _____ : □ _____ term □ _____ yrs _____ mos □ 1/3 Mid term of _____ yrs for _____ yrs _____ mos

□ Concur. with Ct. _____ □ Consec. to Ct. _____    □ Stayed    □ Stricken

**PRIOR FELONY ALLEGATIONS**

No. _____  _____ : _____ yrs □ Concur. w/ Ct. _____  □ Consec. to Ct. _____  □ Stayed  □ Stricken

No. _____  _____ : _____ yrs □ Concur. w/ Ct. _____  □ Consec. to Ct. _____  □ Stayed  □ Stricken

□ Additional counts / allegations / priors on attachment page

Case No. _____ deemed principal case. This case □ concur. with Case No. _____ □ consec. to Case No. _____

**STATE PRISON TOTAL TERM IMPOSED:** __2-4__ yrs. __4__ mos.    (San Mateo)

This case □ concur with ☒ consec to prior uncompleted sentence in Case No. _____ from __Marin__ County

**CREDIT TIME SERVED:** Actual time __115__ D 4019(b) PC credit __56__ D Program credit _____ D **TOTAL DAYS** __171__

**E X H A U S T I O N   F O R   F I R S T   C O N T E N T I O N**

**EXHAUSTION FOR SECOND CONTENTION**

Court of Appeal, First Appellate District, Div. 3 - No. A120675
**S161549**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re DONALD E. RADONICH, JR. on Habeas Corpus

The petition for review is denied.

**SUPREME COURT**
**FILED**

APR - **9** 2008

Frederick K. Ohlrich Clerk

_____
Deputy

Chief Justice

Donald E. Radonich
P-23442 15-1-1-L
P. O. Box 4000 CSP-Solano
Vacaville, CA 95696-4000

LEGAL MAIL "CONFIDENTIAL"

LEGAL MAIL



PRIORITY
MAIL
UNITED STATES POSTAL SERVICE ™
www.usps.gov

LABEL107R, OCT 1997

United States District Court
Northern District of California
Office of the Clerk
450 Golden Gate Ave.
San Francisco, CA 94102-3483

CSP SOLANO
STATE PRISON