FILED
NOV 6 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD EUGENE RADONICH, <br><br> Petitioner, <br><br> vs. <br><br> D. K. SISTO, Warden, <br><br> Respondent. | No. C 08-4103 JSW (PR) <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> (Docket No. 5) |

Petitioner, a prisoner of the State of California, currently incarcerated at California State Prison-Solano in Solano, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss the petition as untimely on May 5, 2009. Petitioner has filed an opposition to the motion and Respondent has filed a reply. This order grants the motion to dismiss the petition as untimely.

## BACKGROUND

On April 8, 1996, Petitioner pled guilty in Case No. S6-08436 in Santa Cruz County Superior Court to one count of assault with an enhancement for personal use of a firearm and one count of possession of a firearm by an ex-felon with a promise of no jail and a suspended sentence of 14 years, eight months. At the same time, petitioner also pled guilty in Case No. S6-08490 to possession of narcotics for sale, for a sentence of 327 days in jail. He also admitted a probation violation in Case No. S5-07090, a domestic violence case, for a sentence of 90 days in jail. See Petition, Exh. C (Reporter's Transcript of change of plea) at 3-9. Petitioner was sentenced in accordance with the

plea on May 6, 1996. *See id.* at 18. Petitioner did not appeal the judgment in these cases.

On August 20, 1998, a Marin County jury convicted Petitioner of possession of ephedrine with intent to manufacture methamphetamine and receiving stolen property. The trial court sentenced Petitioner to 16 years and 4 months in state prison.
On August 26, 1999, Petitioner admitted a probation violation in the Santa Cruz case, and was sentenced to two years, four months in prison, to run consecutive to the Marin County sentence. See Petition, Exhs. B, D.

Beginning in 2007, Petitioner filed a number of habeas corpus petitions in the California courts. Petitioner filed a habeas corpus petition in Santa Cruz County Superior Court on April 19, 2007, which was denied on June 20, 2007. Resp. Exh. 1 (file-stamped face page of petition); Resp. Exh. 2 (Order Denying Petition for Writ of Habeas Corpus). Petitioner filed a habeas corpus petition in the Sixth Appellate District of the California Court of Appeal on September 4, 2007, which was denied on September 12, 2007. Resp. Exh. 3 (Docket, Case No. H032004). Petitioner also filed several habeas corpus petitions in the First Appellate District of the California Court of Appeal, which does not have jurisdiction over the Santa Cruz conviction. Petitioner filed another habeas corpus petition in Santa Cruz County Superior Court on September 10, 2007, which was denied on October 10, 2007. Resp. Exh. 2. Petitioner filed a petition for review in the California Supreme Court on September 21, 2007, which was denied on November 14, 2007. Resp. Exh. 4 (Docket, Case No. S156530). Petitioner filed a habeas corpus petition in the California Supreme Court on December 6, 2007, which was denied on May 21, 2008. Resp. Exh. 5 (Docket, Case No. S158841). Petitioner filed the instant petition in district court on August 27, 2008. and it is deemed filed on August 22, 2008, the date it was signed.[1]

---

[1] Under the "mail box rule," a pro se petitioner's federal petition may be considered "filed" on the day it was signed and presumably given to prison authorities

2

## DISCUSSION

Respondent moves to dismiss the petition as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became law on April 24, 1996, and imposed for the first time a statute of limitations on federal petitions for a writ of habeas corpus filed by state prisoners. Thus, ordinarily petitions filed by prisoners challenging non-capital state convictions or sentences now must be filed within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. *See Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation period began running day after time to seek discretionary review of California Court of Appeal's decision in the Supreme Court of California expired, which was forty days after the Court of Appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a); *Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001) (limitation period began running after time to seek discretionary review of Washington Court of Appeals' decision in the Washington Supreme Court expired); *see also* Cal. Rule of Court 8.308(a) (providing that appeal from criminal judgment must be filed within sixty days after rendition of judgment or making of order being appealed) (formerly Cal. Rule of Court 31).

Here, Petitioner's "time for seeking direct review" under 28 U.S.C. § 2244(d)(1)(A) expired on July 5, 1996, 60 days after his sentencing on the Santa Cruz conviction. The statute of limitations commenced against him the following day. Alternatively, Petitioner's challenge to the probation revocation on the Santa Cruz case became final on October 25, 1999, sixty days after that sentencing on August 26, 1999.

---

for mailing. *See generally Houston v. Lack*, 487 U.S. 266, 276 (1988).

Thus, unless Petitioner's limitations period commenced on another date or he was entitled to some tolling of the limitations period, the one-year limitations period expired at the latest, one year later, on October 25, 2000. However, the petition was not filed for almost 8 years thereafter. Consequently, if no exceptions are applicable, the instant petition is untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2). However, Petitioner's state collateral challenges filed in 2007 do not toll AEDPA's limitations period under § 2244(d)(2) because they were filed after the limitations period had expired. *See Ferguson v. Palmateer*, 321 f.3d 820, 823 (9th Cir. 2003) (holding that once AEDPA's limitations period has run, a state habeas petition cannot revive it). Therefore, Petitioner is not entitled to tolling of the limitations period under § 2244(d)(2).

Therefore, the Court must determine if the limitations period commenced on a later date than the conclusion of the direct review for the underlying criminal conviction and probation violation in Santa Cruz County. Petitioner argues that he was unaware of the claims underlying his *Cunningham* claims until that decision in 2007 and that, as a result, he should be able to avoid the limitations bar. In reply to Petitioner's opposition, Respondent argues that Petitioner's claim under *Cunningham v. California,* 549 U.S. 270 (2007) is not governed by section 2244(d)(1)(C), because the legal basis for such a claim was clearly established as of at least 2004. *See Butler v. Curry*, 528 F.3d 624, 635 (9th Cir. 2008).

Under section 2244(d)(1)(C), the limitations period may commence on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Ninth Circuit has determined that

*Cunningham* did not create a new right, but rather was simply a specific application of the right established in *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004). *Butler*, 528 F.3d at 635. Further, if the source of the newly-recognized right for 2244(d)(1)(C) purposes is treated as being *Blakely*, that case does not meet the second 2244(d)(1)(C) prong because it is not retroactive, *see Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005). In any event, because *Blakely* was decided in 2004 and petitioner's first state habeas petition was not filed until 2007, a limitations period calculated as starting on the date *Blakely* was decided would have expired long before Petitioner filed a state petition in 2007 or his 2008 federal petition. Further, Petitioner provides no legal basis for avoiding the limitations period on his third claim which is not based on the *Cunningham* decision. Accordingly, Respondent's petition is untimely and must be DISMISSED (docket no. 5).

## CONCLUSION

Respondent's motion to dismiss the petition as untimely is GRANTED (docket no. 5). The petition for writ of habeas corpus is DISMISSED because is was not timely filed. The Clerk shall close the file and enter judgment in accordance with this order.

IT IS SO ORDERED.

DATED: NOV 6 2009

JEFFREY S. WHITE
United States District Judge

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD EUGENE RADONICH,<br><br>        Plaintiff,<br><br>v.<br><br>D K SISTO et al,<br><br>        Defendant. | Case Number: CV08-04103 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 6, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Donald Eugene Radonich P-23442
CSP-Solano
P.O. Box 4000
Solano, CA 95696-4000

Peggy S. Ruffra
CA State Attorneys Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Dated: November 6, 2009

Richard W. Wieking, Clerk
By: Lashanda Scott, Deputy Clerk